**Akintola Alabi AJAGBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–03–00115–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 5, 2004.

Gerald Fry, Houston, TX, for Appellant.

Keisha L. Smith, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Akintola Alabi Ajagbe, pleaded guilty to the offense of aggregate theft of over twenty thousand and under one hundred thousand dollars with an agreement of a punishment cap of six years. The trial court sentenced appellant to confinement for six years. Timely notices of appeal were filed. We dismiss for lack of jurisdiction.

Rule 25.2(a)(2) of the Rules of Appellate Procedure provides that, in a plea-bargained case in which the punishment assessed does not exceed the plea agreement, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after obtaining the trial court's permission to appeal. Tex.R.App. P. 25.2(a)(2). An agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2). *Threadgill v. State,* 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

On the form for the trial court's certification of appellant's right to appeal, the trial court checked the box certifying that this criminal case "is not a plea-bargain case, and the defendant has the right to appeal." Nevertheless, the Rule 25.2 requirements recited in a certification must be true and supported by the record. *Waters v. State,* 124 S.W.3d 825, 826 (Tex. App–Houston [14th Dist.] 2003, rule 10.5(b) motion filed) (designated for publication). Appellant, therefore, could appeal only (1) matters raised by written motion filed and ruled on before trial, or (2) with the trial court's permission. *See* Tex. R.App. P. 25.2(a)(2); *Waters,* 124 S.W.3d at 826.

Neither the record, nor the trial court's certification reflect that appellant had the trial court's permission to appeal. *See id.* Additionally, appellant does not seek to appeal a matter raised by written motion and ruled upon before trial. Accordingly, we have no jurisdiction over an appeal of appellant's conviction.

We dismiss appellant's appeal for lack of jurisdiction.