In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-036 CR


NO. 09-04-037 CR


____________________



EDDIE CHARLES SALDANA, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89449, 89484






O P I N I O N


 Eddie Charles Saldana, Jr. pleaded guilty to two counts of aggravated robbery . The
trial court sentenced Saldana to confinement for life on each count, and ordered the sentences
to run concurrently. (1) 

 After the instant appeal was perfected, appellate counsel filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no arguable error to
support an appeal. Saldana filed a pro se brief raising seventeen issues. We have reviewed
the record and find we lack jurisdiction over the appeal.

 The record reflects Saldana pleaded guilty in exchange for the dismissal of five causes
against him, and for the sentences to run concurrently with two other causes. At the time
Saldana entered his guilty pleas, the State introduced an "Agreed Punishment
Recommendation," signed by the State, Saldana and Saldana's counsel, wherein it was
mutually agreed that in consideration for Saldana's guilty pleas to three separate causes, the
State would dismiss five other causes against him and further, the State would recommend
to the trial court that the sentences in the causes to which Saldana agreed to plead guilty
would run concurrently. This constitutes a plea bargain as contemplated by Tex. R. App. P.
25.2(a)(2). See Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988). Therefore,
Saldana had a right to appeal only matters raised by written motion filed and ruled on before
trial, or with the trial court's permission. See Tex. R. App. P. 25.2(a)(2).

 The trial court's certification states this "is not a plea-bargain case, and the defendant
has the right to appeal." Despite the trial court's certification, the Rule 25.2 requirements
recited in a certification must be true and supported by the record. See Ajagbe v. State, 132
S.W.3d 491 (Tex. App.--Houston [1st Dist.] 2004, no pet.); Waters v. State, 124 S.W.3d 825,
826 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd).

 This was a plea-bargained case; thus the trial court's certification was incorrect. 
Because the record does not reflect any rulings adverse to Saldana on any pretrial written
motions, or that he had the trial court's permission to appeal from a plea bargain, we lack
jurisdiction over the appeal.

 APPEAL DISMISSED FOR WANT OF JURISDICTION.


 ________________________________

 CHARLES KREGER

 Justice


Submitted on January 26, 2005 

Opinion Delivered March 30, 2005

Publish


Before McKeithen, C.J., Gaultney, and Kreger, JJ.

1. In a single proceeding, the trial court found Saldana guilty of each offense upon
the written confession of the defendant and sentenced Saldana in each cause. On appeal,
Saldana submitted separate briefs for each cause; the issues brought forward in each case
are the same. For purposes of judicial economy, we dispose of all appeals in a single
opinion.