In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-430 CR


____________________



EDDIE CHARLES SALDANA, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89445






MEMORANDUM OPINION (1)


 Eddie Charles Saldana, Jr. pled guilty to aggravated robbery. The trial court
sentenced Saldana to confinement for life in the Texas Department of Criminal Justice,
Institutional Division. 

 After the instant appeal was perfected, appellate counsel filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no arguable error
to support an appeal. Saldana filed a pro se brief raising seventeen issues. We have
reviewed the record and find we lack jurisdiction over the appeal.

 The record reflects Saldana pled guilty in exchange for the dismissal of five causes
against him, and for the sentence to run concurrently with two other causes. At the time
Saldana entered his guilty plea, the State introduced an "Agreed Punishment
Recommendation," signed by the State, Saldana, and Saldana's counsel, wherein it was
mutually agreed that in consideration for Saldana's guilty pleas to three separate causes, (2)
the State would dismiss five other causes against him and further, the State would
recommend to the trial court that the sentences in the causes to which Saldana agreed to
plead guilty would run concurrently. This constitutes a plea bargain as contemplated by
Tex. R. App. P. 25.2(a)(2). See Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App.
1988). Therefore, Saldana had a right to appeal only matters raised by written motion
filed and ruled on before trial, or with the trial court's permission. See Tex. R. App. P.
25.2(a)(2).

 The trial court's certification states this "is not a plea-bargain case, and the
defendant has the right to appeal." Despite the trial court's certification, the Rule 25.2
requirements recited in a certification must be true and supported by the record. Ajagbe
v. State, 132 S.W.3d 491 (Tex. App.--Houston [1st Dist.] 2004, no pet.); Waters v. State,
124 S.W.3d 825, 826 (Tex. App.--Houston [14th Dist.] 2003, no pet.).

 Despite the trial court's certification, this was a plea-bargained case and Saldana had
no right to appeal from his plea bargain. Thus the trial court's certification was incorrect. 
Because the record does not reflect any rulings adverse to Saldana on any pretrial written
motions, or that he had the trial court's permission to appeal from a plea bargain, we lack
jurisdiction over the appeal. See Saldana v. State, Nos. 09-04-036 CR, 09-04-037 CR
(Tex. App. -- Beaumont March 30, 2005, no pet. h.) (not yet released for publication). 

 APPEAL DISMISSED FOR WANT OF JURISDICTION.


 ___________________________

 HOLLIS HORTON

 Justice



Submitted on March 24, 2005

Opinion Delivered April 6, 2005 

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.
2. The other two cases were addressed by this Court in Saldana v. State, Nos. 09-04-036 CR, 09-04-037 CR (Tex. App.-- Beaumont March 30, 2005, no pet. h.) (not yet
released for publication).