Jose Alberto **MENJIVAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–06–00085–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 15, 2007.

Sharon E. Slopis, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Alan Curry, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices ALCALA, HANKS and PRICE.*

## ORDER

ELSA ALCALA, Justice.

Appellant, Jose Alberto Menjivar, pleaded guilty to the offense of murder. Appel-

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

lant entered into a plea bargain with the State that capped the sentence that the trial court could assess as punishment. After an evidentiary hearing, the trial court sentenced appellant to 30 years in prison, a punishment that fell within the agreed cap. The trial court certified that this is not a plea-bargain case, and the defendant has the right of appeal. A reporter's record was prepared. The trial court appointed appellate counsel, who filed a brief asserting ineffective assistance of counsel. After the State filed an appellee's brief, we submitted the case for consideration. We conclude that the certification that states that this is not a plea-bargain case is erroneous because an agreement to cap the punishment is a plea bargain. We order the trial court to amend the certification.

### Certification of Right to Appeal

Effective January 2003, Texas Rule of Appellate Procedure 25.2(a)(2) requires the trial court to certify the defendant's right of appeal by selecting the appropriate box on the certification form contained in Appendix D to the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex.Crim.App.2006). The choices on the form include the following: not a plea-bargain case and the defendant has the right of appeal; a plea-bargain case in which the defendant has the right of appeal because he satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); a plea-bargain case in which the defendant has no right of appeal; or a case in which the defendant waived his right of appeal. *Hargesheimer*, 182 S.W.3d at 911.[1] Rule 25.2(a)(2) states,

A defendant in a criminal case has the right of appeal.... The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty ... and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant-a defendant may appeal only:

> (A) those matters that were raised by written motion filed and ruled on before trial, or

> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2).

The Rules of Appellate Procedure require that the trial court file a certification of the defendant's right of appeal. TEX. R.APP. P. 25.2(d). The rules also require that the appeal be dismissed if no certification is made part of the record. *Id.* Rule 25.2(d) specifically states,

> If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

*Id.*[2]

When a certification has a defect or omission, it may be amended under certain

---

**1.** Effective September 1, 2007, the trial court's certification form was amended to require the signature of both defendant and his trial attorney and to inform defendant of rights concerning any appeals, including the right to file a pro se petition for discretionary review with the Court of Criminal Appeals.

**2.** The Court of Criminal Appeals recently amended the Texas Rules of Appellate Proce-

circumstances. Tex.R.App. P. 25.2(f). The certification may be amended in accordance with Rule 37.1. Tex.R.App. P. 25.2(f), 37.1. Under Rule 37.1, if the appellate clerk determines that the certification is defective, the appellate clerk must notify the parties of the defect in the certification so that it can be remedied, if possible. Tex.R.App. P. 37.1. If, after 30 days of the date of the clerk's notice, a proper certification of the right of appeal is not filed, the clerk must refer the matter to the appellate court. *Id.* The appellate court must then make an appropriate order under Rule 34.5(c)(2) or 37.1. Tex. R.App. P. 34.5(c)(2), 37.1. Rule 34.5(c)(2) provides that if the appellate court orders the trial court to file a certificate of the defendant's right of appeal, the trial court must prepare the certificate and file it in the appellate court. Tex.R.App. P. 34.5(c)(2).

Alternatively, the rules allow amendment of the certification at any time before the appellant's brief is filed. Tex.R.App. P. 25.2 (f). However, after the appellant's brief is filed, the certification may only be amended on terms prescribed by the appellate court and only on leave of the appellate court. *Id.*[3]

An appellate court that has an appellate record is "obligated to review that record in ascertaining whether the certifications were defective." *Dears v.*

*State,* 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). A certification is defective if it is correct in form "but which, when compared with the record before the court, proves to be inaccurate." *Id.* at 614. When the record is incomplete, the appellate court should review "whatever record does exist that indicates that an appellant has the right to appeal." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.,* 159 S.W.3d 645, 649 (Tex.Crim.App. 2005). "While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification." *Id.* at 650 n. 24.

## Agreed Sentencing Cap is a Plea Bargain

An agreement to a sentencing cap is an agreed plea bargain for purposes of Rule 25.2(a)(2). *See Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App.2006); *Shankle v. State,* 119 S.W.3d 808, 813 (Tex. Crim.App.2003); *Harris v. State,* 149 S.W.3d 285, 286 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *Ajagbe v. State,* 132 S.W.3d 491 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Threadgill v. State,* 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Here, the agreed sentencing cap constitutes a plea bargain

dure 25.2(d), effective September 1, 2007, to include the requirement that the certification include a notice that the defendant has been informed of his rights concerning the appeal, as well as any right to file a pro se petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him.

3. The rule specifically states,
   An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification may be

filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.
Tex.R.App. P. 25.2(f).

under Rule 25.2(a)(2). The record, therefore, shows that this is a plea-bargain case and there is no right of appeal. Thus, the certification is erroneous because it states this is not a plea-bargain case and there is a right of appeal.

### Notice of Incorrect Certification and Intent to Dismiss

■■■ Under this record, unless the trial court gives its permission for the appeal, we have no option but to dismiss the appeal. The record does not show any rulings on written pretrial motions. *See* TEX. R.APP. P. 25.2(a)(2)(A). The record also establishes that appellant has waived the right to appeal. *See Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex.Crim.App. 2006). The plea papers signed by appellant show that in exchange for his agreement to plead guilty to a sentence that was capped, he agreed to waive his right to appeal. A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently. *Id.* "One way to indicate that the waiver was knowing and intelligent is for the actual punishment or the maximum punishment to have been determined by the plea agreement when the waiver was made." *Id.* at 799. The plea papers state the maximum punishment that appellant could receive, the trial court followed the agreement, and the waiver was made at the time of sentencing. These facts are sufficient to show a valid waiver of the right to appeal because they show that the waiver was made voluntarily, knowingly, and intelligently. *See id.*

The Rules of Appellate Procedure provide that an appellate court should allow reasonable time to correct or amend defects in appellate procedure before dismissing an appeal. *See* TEX.R.APP. P. 44.3. Rule 44.3 states,

A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing reasonable time to correct or amend the defects or irregularities.

*Id.* Rule 44.4 also requires the appellate court to direct the trial court to correct any erroneous action committed by the trial court that prevents the proper presentation of a case to the court of appeals. TEX.R.APP. P. 44.4. Rule 44.4 provides:

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss the appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

*Id.*

The Rules of Appellate Procedure plainly require that before we dismiss an appeal for a procedural defect that could be remedied, we direct the trial court to correct the procedural error and give appellant time to correct the procedural error. *See* TEX.R.APP. P. 44.3, 44.4.

The Court of Criminal Appeals has not directly addressed whether an appellate court must give the defendant notice of the intent to dismiss due to an erroneous certification that does not give a right of appeal,[4] but it has required that notice in

---

4. This certification said there *was* a right of appeal but the record established there *was*

similar situations when there was a procedural mistake that could be remedied. *Few v. State*, 230 S.W.3d 184, 189–90 (Tex. Crim.App.2007). The Court of Criminal Appeals recently stated, "[T]he court of appeals was mistaken when it dismissed appellant's appeal without first giving him a reasonable opportunity to correct the defect in his notice of appeal." *Id.* (holding that appellate court erred by dismissing appeal due to clerical error in defendant's notice of appeal).

Given the recent decision by Court of Criminal Appeals in *Few* and the language of Rules 44.3 and 44.4, we hold that when the certification is defective by stating that a right of appeal exists where the record affirmatively shows no right of appeal, we must (1) order the trial court to amend the certification to correct the defect in the certification and (2) give both parties advance notice of our intent to dismiss the appeal. *See* Tex.R.App. P. 44.3, 44.4; *Few*, 230 S.W.3d at 190; *Estrada v. State*, 149 S.W.3d 280, 282 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *see also Harris*, 149 S.W.3d at 286; *Barcenas v. State*, 137 S.W.3d 865, 866 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Ajagbe*, 132 S.W.3d at 491.

## Conclusion

We notify all parties that our review of the record indicates that the certification is defective and we lack jurisdiction. We order the trial court to correct the defective certification within 14 days from the date of this order.

Justice PRICE dissenting.

FRANK C. PRICE, Justice, dissenting from order.

I disagree with the majority's rationale used to resolve the characterization issue. The majority is critical of the trial court judge for characterizing a plea of guilty as a plea without an agreed recommendation.

Appellant pleaded guilty to an indictment alleging first degree homicide. The plea papers filed with the court reflect "PSI with a cap of 30 years." Any judge who has ever worked in the trial courts understands this language to mean there is no punishment agreement as to a set number of years. The PSI (pre-sentence investigation) will supply the trial court judge the necessary information to make an independent judgment. The 30-year cap is nothing more than the prosecution informing the trial court that 30 is the maximum number of years the case is worth and intends to argue for the maximum but recognizes the judge may think differently, thus the need for a PSI.

The trial judge understood this as well. During her admonishments, the judge in-

*not* a right of appeal. In the opposite situation, where the certification said there *was not* a right of appeal, but the record showed there *was* a right of appeal, the Court of Criminal Appeals has ordered that the certification be amended to conform to the record. *Ex parte Delaney*, 207 S.W.3d 794, 800 (Tex. Crim.App.2006) ("Relief is granted, and the trial court is instructed to certify Appellant's right to appeal issues related to his sentence."); *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex.Crim.App.2006) ("[T]he trial judge is instructed to re-certify this case by designating it as 'not a plea-bargain case' on the certification form."); *Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App.2005) (holding that appellate court that determines that trial court's certification erroneously states that defendant has *no* right to appeal, as determined by the record that establishes that defendant *has* right of appeal, must "use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 n. 24 (Tex.Crim.App.2005) ("While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification.").

formed appellant she could assess his punishment anywhere from probation to 30 years confinement. At the conclusion of the plea, the judge found the evidence sufficient to establish guilt but deferred the finding until she read the PSI and conducted a punishment hearing. This preserved appellant's hope for probation or a small number of years if the trial judge thought that was appropriate. After the hearing, the judge found appellant guilty and assessed his punishment as 30 years confinement. She then inquired if appellant wanted to appeal.

Appellant timely filed his notice of appeal which was approved by the trial court. The trial judge declared appellant indigent, appointed him an appellate attorney and provided his attorney with a cost-free appellate record. The certification form signed by the trial judge reflects that she did not consider this a plea bargain case.

The majority disagrees with this certification and takes the position that a sentencing cap is a complete and total plea bargain even though the trial court has the flexibility to assess punishment anywhere between the minimum and the cap. For support of its opinion, the majority relies on cases recited earlier.

These opinions, while not well reasoned, state that under Rule 25.2(a)(2)(B), a cap is a plea bargain that prohibits appeal without the trial court's permission. Specifically, the rule states that "In a plea bargain case—that is, a case in which a defendant's plea was guilty ... and the punishment did not exceed the punishment recommended by the prosecutor *and agreed to by the defendant*—a defendant may appeal only ... (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(B) (emphasis added).

The rule requires that before there is a plea bargain the defendant must agree to "the punishment recommended by the prosecutor." *Id.* The statute requires mandatory compliance. Appellant did not accept 30 years as an agreed-upon punishment. He merely agreed to let the prosecutor argue for 30 years which is the maximum the prosecutor thought the case was worth. Appellant asked for the PSI because he disagreed with the prosecutor as to the value of the case. Even the legislature, in setting a wide range of punishment, realized that because of divergent facts, all first degree felonies are not valued equally. The trial judge did not think the case was worth more than 30 years or she would have assessed more, or at least expressed her displeasure for not being allowed to if she felt committed to the cap.

This is no different than if the plea papers reflected "PSI–State to argue for 99 years." According to the majority, anything the trial judge assessed between probation and 99 years would not be appealable.

There is nothing in the record here to suggest this case is worth more than 30 years or that the prosecutor, as a compromise or in exchange for the defendant's plea of guilty, substantially limited the defendant's punishment exposure by setting a 30–year cap. Obviously, appellant did not agree that 30 years was a proper or acceptable punishment or he would not have asked for a PSI and demanded a punishment hearing. Without an agreement, the mandates of Rule 25.2(a)(2)(B) are not met. Consequently, the trial court judge was correct in her characterization that this was a plea of guilty without an agreed recommendation.

For all the reasons listed above, I strongly disagree with how the majority disposes of this case.