Opinion issued July 3, 2008













Opinion issued July 3, 2008

 

 

 

 

 

 

 

 













 

     

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 


 



NOS.          01-07-00677-CR

01-07-00716-CR

 

 




 
 
 
 
 
 
 


 



RICHARD
FITZGERALD BARROSO, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 

 

 



On
Appeal from the 268th District Court

Fort Bend County,
 Texas

Trial Court Cause
Nos. 42,920 and 45,590

 

 



MEMORANDUM OPINION

 

In exchange for appellant Richard Fitzgerald
Barroso’s plea of guilty, the State agreed to reduce two first-degree felony
charges for aggravated sexual assault of a child to second-degree felony charges
for sexual assault of a child.  See Tex. Penal Code Ann.
§ 22.011 (Vernon
Supp. 2007).  After the trial court
accepted Barroso’s guilty pleas to the reduced charges, but before the
punishment hearing, Barroso signed a waiver of his right to appeal and
requested a pre-sentence investigation.

When the pre-sentence investigation was complete, the trial
court held a punishment hearing, which culminated in its decision to sentence
Barroso to ten years’ incarceration for each offense, with the sentences to run
concurrently.  On appeal, Barroso attacks
the legal and factual sufficiency of the evidence supporting both
convictions.  We dismiss the appeals for
want of jurisdiction.

       According to Texas Rule of Appellate Procedure 25.2(a)(2),


A defendant in a criminal case has the right of appeal. . . .
 The trial court shall enter a
certification of the defendant’s right of appeal in every case in which it
enters a judgment of guilt or other appealable order. In a plea bargain case—that
is, a case in which a defendant's plea was guilty . . . and the
punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant—a defendant may appeal only:

 

(A)
those matters that were raised by written motion filed and ruled on before
trial, or

 

(B)
after getting the trial court’s permission to appeal.

 

Tex.
R. App. P. 25.2.   Unless the trial
court gives its permission for the appeal
of an agreed plea bargain case that has no pretrial motions, we have no option
but to dismiss it.  Menjivar v. State,   ___ S.W.3d ___, 2007 WL 4099409, at *3 (Tex. App.—Houston [1st.
Dist.] Nov. 15, 2007, no pet. h.).

The trial court certification
in each cause reads:

I, judge of the trial court, certify that this
criminal case:

 

. . . is
a plea-bargain case, and the defendant has NO right of appeal, except as
to sentencing.

 

The defendant
has waived the right of appeal as to guilt/innocence only.

 

          Barroso,
in exchange for a reduction of two first-degree felony offenses to two
second-degree felony offenses, pleaded guilty. 
The Court of Criminal Appeals has declared that 

“Plea bargaining” is a process which implies a
preconviction bargain between the State and the accused whereby the accused
agrees to plead guilty or nolo contendere in
exchange for a reduction in the
charge, a promise of sentencing leniency, a promise of a recommendation
from the prosecutor to the trial judge as to punishment, or some other
concession by the prosecutor that he will not seek to have the trial judge
invoke his full, maximum implementation of the conviction and sentencing
authority he has . . . .

 

Perkins v. Court of Appeals, 738 S.W.2d 276, 282 (Tex.
Crim. App. 1987) (quotation omitted; emphasis added); see State v. Moore,
240 S.W.3d 248, 250 (Tex. Crim. App. 2007) (acknowledging that prosecutors may
agree to charge reductions in exchange for guilty plea).  Barroso’s issues on appeal
all challenge the propriety of his convictions, but, as reflected in the trial
court’s certification, Barroso waived his right to challenge his convictions
when he accepted the State’s offer to reduce the charges against him in
exchange for his guilty pleas.[1]  Because the trial
court’s certifications of Barroso’s right to appeal do not extend to any of the
issues raised by Barroso, we dismiss these appeals for want of jurisdiction.  

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  See
Tex. R. App.
P. 47.2(b).

 

 

 











[1] We need not address whether Barroso would have the
right to appeal issues related to punishment because that question is not
before us.