COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-188-CR

 

 

RICKIE WAYNE FAGAN                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                   MEMORANDUM
OPINION[1]
ON REHEARING

 

                                              ------------








On May 22, 2008, we granted
the State=s motion for
rehearing and withdrew this court=s prior opinion and judgment of March 27, 2008 because the original
certification of appellant=s right of appeal was defective.[2]  Accordingly, we abated the appeal so that the
trial court could file an amended certification of appellant=s right of appeal.  On May 29,
2008, we reinstated the case after receiving an amended notice of appeal from
the trial court indicating that this case Ais a plea-bargain case, and [appellant] has NO right of appeal.@  We sent appellant a letter
giving him until June 26, 2008 to show grounds why the appeal should not be
dismissed based upon the new certification, but we have not received any
response.  See Tex. R. App. P. 25.2(d), 43.2(f).

Therefore, in accordance with
the amended trial court certification, we dismiss this appeal.  See id.; Chavez v. State,
183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Jackson v. State, 168 S.W.3d
239, 243 (Tex. App.CFort Worth
2005, no pet.).

 

PER CURIAM

 

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
August 7, 2008








 











[1]See Tex. R. App. P. 47.4.





[2]Although
the trial court=s
certification of appellant=s right to appeal stated that
this case Ais
not a plea-bargain case, and the defendant has the right of appeal,@ the
record shows that appellant pled guilty pursuant to a plea bargain.  See Tex.
R. App. P. 25.2(a)(2); Shankle v. State, 119 S.W.3d 808, 812B14
(Tex. Crim. App. 2003); Menjivar v. State, No. 01-06-00085-CR, 2007 WL
4099409, at *2 (Tex. App.CHouston
[1st Dist.] Nov. 15, 2007, no pet.) (AAn agreement to a sentencing
cap is an agreed plea bargain for purposes of Rule 25.2(a)(2).@).