**Order entered November 20, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01606-CR

### ADELANKE SAMUEL ALAKE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F10-42185-I

## ORDER

Appellant pleaded no contest to the offense of aggravated sexual assault of child under 14 years of age. After hearing evidence on guilt, the trial court sentenced appellant to twelve years' imprisonment. This appeal followed. The clerk's record and reporter's record were filed. The trial court's rule 25.2(a)(2) certification indicates that this is not a plea-bargain case and that the appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d). After the parties filed their briefs, we submitted the case for consideration.

When we have an appellate record, we are obligated to review that record to determine whether the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Among other things, a certification is defective when, compared to the record before the court, it proves to be inaccurate. *Id*. at 614. Although the certification states this is not a plea-

bargain case, the appellate record reveals otherwise. When appellant's case was called for trial on September 16, 2013, the following exchange occurred:

> [Appellant's counsel]: Well, judge, this morning the State and I have agreed that we would waive a jury and will allow Mr. Alake to plead no contest to you, waive his right to a jury trial, . . . .
>
> I spoke to Mr. Alake, and he wishes to waive his right to a jury trial and proceed on a trial before the court. And if they prove their case beyond a reasonable doubt, then the punishment range would be probation to 20 years.
>
> [The Court]: All right. Is that the State's agreement?
>
> [State]: Yes, Your Honor.
>
> [Appellant's counsel]: Mr. Alake, is that what you want to do, waive a jury trial and have a trial before this Judge?
>
> [Appellant]: Yes, Sir.

The clerk's record contains a waiver of jury signed by the parties and the trial judge with the handwritten notation, "Agreed Range of pun. probation to 20 yrs[.] if proved beyond a reasonable doubt." After a trial before the court, the trial judge found the evidence presented substantiated appellant's guilt for the offense beyond a reasonable doubt, but deferred adjudication of guilt to allow preparation of a presentence report. During its closing argument at the sentencing hearing, the State argued "Your Honor this case is worthy of the maximum sentence that we agreed to. The max would be 20 and we are asking for 20." The trial court imposed a twelve-year sentence, which fell within the agreed cap.

An agreement to a sentencing cap is an agreed plea bargain for purposes of rule 25(a)(2). *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). In a plea-bargain case in which the defendant's plea was no contest and the punishment did not exceed the punishment the prosecutor recommended and agreed to by the defendant, a defendant may appeal only: (1) those matters raised by written motion filed and ruled on before trial, or (2) after getting the trial

court's permission to appeal.  TEX. R. APP. P. 25.2(a)(2).   We note there is nothing in the record to support a finding that appellant filed written pretrial motions that were ruled on before trial. There is also no indication that the trial court granted permission to appeal.

Based on the record before us, the certification stating this is not a plea-bargain case is defective.  *See Dears*, 154 S.W.3d at 614–15.   Accordingly, we must order the trial court to amend the certification to correct the defect in the certification.  *See Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.], 2007, order).

We therefore **ORDER** the trial court to correct the defective certification and transmit within **THIRTY (30) DAYS** from the date of this order, a supplemental clerk's record containing a corrected, fully completed certification signed by all parties in compliance with Rule 25.2 that accurately reflects the trial court proceedings.

The appeal is **ABATED** to allow the trial court to comply with this order.  It shall be reinstated **THIRTY (30) DAYS** from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     DAVID EVANS
PRESIDING JUSTICE