COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Larry Broden v. The State of Texas

Appellate case number:    01-17-00740-CR

Trial court case number:  1503451

Trial court:              262nd District Court of Harris County

Appellant, Larry Broden, pleaded guilty to the felony offense of murder and the trial court assessed his punishment at confinement for twenty-five years. Appellant timely filed a notice of appeal.

The Clerk of this Court has examined the clerk's record and found that the certification of defendant's right to appeal may be defective. The certification states that the case "is not a plea-bargain case, and the defendant has the right of appeal." However, the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" states "without an agreed recommendation from the State; State agrees to cap of 30y TDC." *See Menjivar v. State*, 264 S.W.3d 137, 140 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("An agreement to a sentencing cap is an agreed plea bargain for purposes of Rule 25.2(a)(2)."); *see also* TEX. R. APP. P. 25.2(a)(2) (setting out limited right of appeal in plea-bargained case). This order constitutes notice to all parties of the defective certification and our intent to dismiss the appeal for want of jurisdiction. *See Menjivar*, 264 S.W.3d at 142.

Accordingly, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Mandy Goldman Miller, shall be present. *See* TEX. R. APP. P. 37.1. Appellant also shall be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;
(2)    make a finding regarding whether appellant has the right of appeal;
(3)    execute an amended certification of appellant's right to appeal, indicating whether appellant has the right to appeal;
(4)    make any other findings and recommendations the trial court deems appropriate; and
(5)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), (c)(2), (3).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's orders, findings, and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:  /s/ Russell Lloyd
                    ☑ Acting individually    ☐ Acting for the Court

Date: July 26, 2018

---

privately without being recorded or heard by the trial court or the attorney representing the State.