**DISMISSED and Opinion Filed March 17, 2020**



In the

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00368-CR

**RODNEY MITCHELL SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-17051-V**

## MEMORANDUM OPINION
Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Carlyle

In addition to both parties' merits briefing, the State has moved to dismiss. We agree with the State that, because (1) this appeal is from a conviction based on a plea bargain and (2) there were no matters raised by written motion filed prior to trial, we must dismiss Smith's appeal for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2).

After Smith was indicted and charged with harassment of a public servant, several documents were filed in advance of Smith's plea hearing, including (1) a judicial confession to the offense as charged; (2) the Court's Admonishment on

Right to Order of Nondisclosure; (3) the Trial Court's Certification of Defendant's Right of Appeal; and (4) the Plea Agreement.

The Plea Agreement shows Smith agreed to plead guilty, by plea "[o]pen as to . . . Deferred Adjudication." In exchange, the State agreed to recommend either two years of confinement, the minimum for the charged offense, or five years of deferred-adjudication probation that would include treatment in a state-contracted Intermediate Sanction Facility. The Court's Admonishment on Right to Order of Nondisclosure, which applies only to defendants who receive deferred adjudication, *see* TEX. GOV'T CODE § 411.0715, indicates Smith understood he would be sentenced to deferred adjudication in exchange for his guilty plea, and that understanding was confirmed at the plea hearing.

The Court advised Smith of the applicable range of punishment for his offense. The Court asked Smith whether he understood the court did not have to "follow the plea bargain of deferred probation," Smith confirmed he did, and the Court told Smith he would be unable to appeal the trial court's ruling if it followed the plea bargain. Smith confirmed to the court that the only issue the court needed to decide, based on the court accepting his plea bargain, was the terms of Smith's probation. Smith confirmed he was entering his plea freely and voluntarily, and the trial court admitted his judicial confession and took judicial notice of its file.

The State rested and Smith took the stand on his own behalf. On direct examination, he asked the trial court to give him five years of deferred-adjudication

probation. He acknowledged on the record that it was up to the trial court to decide the specific terms of that probation and promised to comply with any imposed conditions. The court told Mr. Smith it would not be sending him to the penitentiary, Smith thanked the court, and the court advised Smith it believed a nine-month special needs program was in his best interest. Smith assented.

The Court accepted Smith's guilty plea, formally announced Smith would be placed on five years of deferred-adjudication probation, and assessed a $0 fine. The Order of Deferred Adjudication states the "Terms of Plea Bargain," are "5 YEARS DEFFERED PROBATION." The Court's acts did not exceed the terms of the parties' plea bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting a sentence-bargaining agreement exists where the State agrees to recommend a "cap" on sentencing or deferred-adjudication probation in exchange for the defendant's guilty plea); *Carender v. State*, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.) (same); TEX. R. APP. P. 25.2(a)(2).

Though Smith initially argued here that he was harmed by the trial court's failure to admonish him that he could withdraw his guilty plea if the court did not follow the terms of the plea agreement, he pivoted once the State moved to dismiss the appeal. He now argues there was no plea bargain in his case. We disagree and thus must dismiss.[1]

---

[1] Though the Trial Court's Certification of Defendant's Right of Appeal incorrectly indicates that this "is not a plea-bargain case, and the defendant has the right of appeal," such a certification, where otherwise

Smith is limited to appealing only "those matters that were raised by written motion filed and ruled on before trial" but there were none here. *See* TEX. R. APP. P. 25.2(a)(2)(A); *see Carender*, 155 S.W.3d at 931; *Ajagbe v. State*, 132 S.W.3d 491, 491 (Tex. App.— Houston [1st Dist.] 2004, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Smith failed to obtain permission to raise his issues on appeal, which concern the trial court's plea admonishment and the voluntariness of his guilty plea. *See* TEX. R. APP. P. 25.2(a)(2)(B); *see also Carender*, 155 S.W.3d at 931. And, Smith's appeal is not expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2)(C).

We dismiss Smith's appeal for lack of jurisdiction. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (in a plea-bargain case, the voluntariness of a plea cannot be raised on appeal without permission).

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish

---

contradicted by the record as it is here, will not authorize an appeal beyond what is expressly permitted under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure and Code of Criminal Procedure article 44.02. *See Carender*, 155 S.W.3d at 931; *Ajagbe*, 132 S.W.3d at 491; *Waters*, 124 S.W.3d at 826.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY MITCHELL SMITH,
Appellant

No. 05-19-00368-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-17051-V.
Opinion delivered by Justice Carlyle.
Justices Myers and Schenck
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered this 17th day of March, 2020.