**Order issued August 18, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00378-CR

_____

**ANTONIO FIDEL GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1527904**

---

## MEMORANDUM ORDER

Antonio Fidel Garcia pleaded guilty to possession of between 4 and 200 grams of cocaine and pleaded true to an enhancement. After a punishment hearing, the trial court sentenced him to 50 years' imprisonment. On appeal, he argues that he received ineffective assistance of counsel because his counsel did not present

his motion for new trial to the court and failed to attach a signed, sworn affidavit. He argues that this error forfeited a hearing on his motion for new trial and amounted to constructive denial of effective assistance of counsel during a critical stage of the proceeding.

The trial court certified that Garcia had a right to appeal. After reviewing the record, we conclude that the certification in the record stating that the trial court granted Garcia permission to appeal is erroneous, and we do not have jurisdiction to consider the appeal. We order the trial court to amend the certification.

## Background

Garcia was in possession of 120 grams of cocaine when stopped for a traffic violation. He was charged by indictment with possession with intent to deliver between 4 and 200 grams of cocaine. The indictment alleged an enhancement based on a previous felony conviction. Garcia also had a pending murder charge. He proceeded to trial on the drug case, and while the jury was deliberating, he pleaded guilty to possession of between 4 and 200 grams of cocaine and the punishment enhancement. There was no punishment agreement.

At the punishment hearing, the State presented evidence of his prior convictions and other extraneous offenses and conduct, including the murder. The trial court sentenced Garcia to 50 years' imprisonment.

Trial counsel filed a notice of appeal and moved to withdraw in April 2018. The trial court granted the motion to withdraw but did not appoint appellate counsel. Garcia hired a new attorney who filed a motion for new trial before the period for filing such motions closed. The motion was overruled by operation of law.

Counsel did not file an appellate brief on behalf of Garcia. In January 2019, this court abated the appeal and remanded to the trial court for an evidentiary hearing to determine whether appellate counsel had abandoned the appeal by failing to file a brief, whether appellant was indigent, and, if initial appellate counsel had not abandoned the appeal, to make appropriate findings as to why counsel did not file a brief and set a date for filing it. The trial court permitted the attorney to withdraw and appointed new representation for Mr. Garcia on appeal. This court lifted the abatement and reinstated the appeal.

### Jurisdiction

Preliminarily, the State argues that we do not have jurisdiction to hear Garcia's appeal. The State argues that the certification documents in the record are incorrect and that the record reflects that Garcia waived his right to appeal.

### A.    Standard of Review

Jurisdiction must be expressly given to the courts of appeals in a statute. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The standard for

determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Id.*

## B.    Law

The Texas Rules of Appellate Procedure require the trial court to certify the defendant's right of appeal in every case in which it enters a judgment of guilt or appealable order. TEX. R. APP. P. 25.2(a)(2). The certification becomes part of the trial court record. *Id.* 25.2(d). The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the supplement to the Texas Rules of Appellate Procedure.[*] The choices on the form include the following:

- not a plea-bargain case and the defendant has the right of appeal;

- a plea-bargain case in which the defendant has the right of appeal because matters were raised by a written motion filed and ruled on before trial and not withdrawn or waived;

- a plea-bargain case in which the defendant has the right to appeal because the trial court has given permission to appeal;

- a plea-bargain case in which the defendant has no right of appeal;

- or a case in which the defendant waived his right of appeal.

Rule 25.2(a)(2) specifies that in a plea-bargain case in which the punishment did not exceed the punishment recommended by the prosecutor and agreed to by

---

[*]    Court of Criminal Appeals, *Practice Before the Court - Forms*, https://www.txcourts.gov/media/1442928/certification-of-defendants-right-of-appeal-rev-2018.pdf (last visited July 2, 2020).

the defendant, a defendant may appeal only matters that were raised by written motion filed and ruled on before trial or after receiving the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2).

An appellate court must review the record to determine if the certification is defective. *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016). A certification that is correct in form but inaccurate when compared to the record is defective. *Id.* at 804–05. When a certification has a defect or omission, it may be amended under certain circumstances. TEX. R. APP. P. 25.2(f). After the appellant's brief is filed, the certification may only be amended on leave of the appellate court and on such terms as the court may prescribe. *Id.*

## C.    Analysis

We first determine whether Garcia waived his right to appeal. The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006). A waiver of appeal prior to sentencing may be valid if it is bargained for, that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Ex parte Broadway*, 301 S.W.3d 694, 698–99 (Tex. Crim. App. 2009). To determine the validity of a waiver of a right to appeal and the terms of any agreement between appellant and the State, we consider the written plea

5

documents and the formal record in light of general contract principles. *See Jones*, 488 S.W.3d at 805; *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013).

Garcia pleaded guilty pursuant to a charge bargain. A charge bargain is a type of plea bargain that involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense and of whether the prosecutor will dismiss or refrain from bringing other charges. *Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017). An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that was not dismissed. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).

The record shows that Garcia agreed to plead guilty to possession, which is a second-degree felony, and waive his right to a jury trial and his right of appeal. TEX. HEALTH & SAFETY CODE § 481.115(d) (possession of between 4 and 200 grams is a second-degree felony). In exchange, the State agreed to abandon the possession with intent to deliver charge, which had a mandatory minimum sentence of 15 years' imprisonment. Garcia's plea allowed him to avoid a minimum punishment of 15 years in prison if he was found guilty of a first-degree felony. *See Jones*, 488 S.W.3d at 807. As a second-degree felony, the range of punishment for the possession charge was between two and twenty years, but with the alleged enhancement, the range of punishment increased to 5 to 99 years or

6

life. TEX. PENAL CODE §§ 12.42(b), 12.32(a). Since Garcia's plea was made pursuant to a charge bargain, his appeal is subject to the requirements for appeals in plea-bargain cases. *See Thomas*, 516 S.W.3d at 502 (stating that agreement to forgo prosecution for a pending charge in exchange for a plea to a lesser offense effectively places a cap on the possible punishment and is a plea bargain for purposes of Rule 25.2).

Because this is a charge-bargain case, Garcia may: (1) appeal matters raised by written motion and ruled on before trial; (2) appeal after receiving the trial court's permission to do so; or (3) appeal when authorized by statute. TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. art. 44.02; *Thomas*, 516 S.W.3d at 502.

Having determined that Garcia pleaded guilty pursuant to a charge bargain and validly waived his right of appeal, we review the certifications to ensure they conform to the record. The trial court signed two certifications of defendant's right of appeal. The first, dated March 28, 2018, has a checkmark next to the line "is a plea-bargain case, but the trial court has given permission to appeal and the defendant has the right of appeal." The second certification, signed April 24, 2018, has a checkmark next to the line "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right to appeal." The second certification was signed after the

7

notice of appeal was filed. Both certifications are signed by Garcia and his trial counsel.

Garcia does not appeal any pretrial motions, and he does not argue that he has a statutory right to appeal. Therefore, we have jurisdiction to review the appeal only if the trial court gave Garcia permission to do so. TEX. R. APP. P. 25.2(a)(2). We review the record to determine if the first certification, giving that permission, is supported by the record.

The State argues that the first certification is contrary to the record because the trial judge did not give Garcia permission to appeal. Garcia signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession in the possession case, in which he confessed that the allegations against him are true. That document states: "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at PSI [presentence investigation hearing] and I agree to that recommendation. . . . I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The Advice of Defendant's Right to Appeal signed by Garcia states: "If you waived or gave up your right to appeal, you cannot appeal your conviction." The judgment signed by the trial court states, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

Besides the documents signed by Garcia waiving his right to a jury trial and right of appeal, the record contains a document signed by the prosecutor indicating the State's agreement to abandon the possession with intent to deliver charge with the understanding that Garcia would plead guilty without an agreed sentencing recommendation to a possession charge. Garcia's trial counsel stated on the record that the State was reducing the charge and dismissing the murder charge in exchange for his plea. The record reflects that in confirming whether he understood his plea, the trial court informed Garcia that he "would have only a very limited right to appeal [his] case." The record does not reflect that the trial court gave Garcia permission to appeal.

The certification stating that the trial court gave Garcia permission to appeal is contrary to the record. Where the record affirmatively shows no right of appeal, we must order the trial court to amend the certification to correct the defect in the certification and give both parties advance notice of our intent to dismiss the appeal. TEX. R. APP. P. 44.3, 44.4; *Menjivar v. State*, 264 S.W.3d 137, 142, (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## Conclusion

We notify all parties that our review of the record indicates that the certification giving Garcia permission to appeal is defective, and we lack jurisdiction to review the appeal. We order the trial court to correct the defective certification within 30 days from the date of this order.

Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).