**Order entered November 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00769-CR**

**CEDRIC DERANE SHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-76289-V**

**ORDER**

Before the Court is appellant's November 11, 2022 motion to amend the trial court's certification of the right to appeal. The certification filed in the clerk's record states this case is not a plea bargain case and appellant has the right to appeal. The plea agreement shows appellant agreed to enter an open plea of guilty in exchange for the State's agreement to cap its sentencing recommendation at ten years. During the plea hearing, the trial court accepted the parties' plea agreement restricting the punishment range to a maximum of ten years, but also indicated

appellant was entering an open plea subject to the cap and advised him he had the right to appeal. The trial court assessed an eight-year sentence in conformity with the plea agreement.

An agreement between the defendant and the State to cap punishment constitutes a plea bargain agreement. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Menjivar v. State*, 264 S.W.3d 137, 140–41 (Tex. App.—Houston [1st Dist.] 2007, no pet.). After entering into a plea bargain agreement, appellant may appeal under three circumstances: (1) if there are matters raised by written motion filed and ruled on before trial; (2) if appellant has obtained the trial court's permission to appeal; and (3) where a specific appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2 (a)(2).

Appellant's motion requests that the Court amend the trial court's certification to reflect the trial court is permitting him to appeal. Appellant contends that although the parties entered into a plea bargain agreement to cap his punishment, the agreement contemplated he would be allowed to appeal, and the trial court intended to permit an appeal. Appellant contends that a document attached as an exhibit to his motion demonstrates the trial court's intent to permit his appeal. There is not, however, any exhibit attached to appellant's motion.

Even if appellant had attached the exhibit as he intended, and the Court agreed with appellant's assessment of the trial court's intentions, the appellate

rules do not authorize the Court to amend the trial court's certification. *See* TEX. R. APP. P. 25.2, 37.1; *see also Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (concluding court of appeals may order trial court to file amended certification, but appellate court may not dictate exactly what amended certification should say). Accordingly, we **DENY** appellant's motion to amend the trial court's certification.

Because the current certification states erroneously that appellant entered an open plea and thus has a right to appeal, we conclude the certification is defective. *See* TEX. R. APP. P. 25.2 (a)(2); *Shankle*, 119 S.W.3d at 813; *Menjivar*, 264 S.W.3d at 140–41.

We **ORDER** the trial court to prepare an amended certification of the right to appeal and file it with the Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to transmit copies of this order to the Honorable Brandon Birmingham, Presiding Judge, 292nd Judicial District Court; and to counsel for the parties.

/s/    ERIN A. NOWELL
        JUSTICE