**Larry Edgar HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00477–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 2004.

Belinda Johnson Chagnard, Houston, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK, and Justices KEYES and BLAND.

## OPINION ON REHEARING

PER CURIAM.

We issued a memorandum opinion affirming appellant's conviction on June 17, 2004. *Harris v. State,* No. 01–04–00477–CR, 2004 WL 1351516 (Tex.App.-Houston [1st Dist.] June 17, 2004) (not designated for publication). Appellant's counsel filed a timely motion for rehearing. As we requested, the State filed a response. The motion for rehearing is **granted.** We order appellant's brief on motion for rehearing **filed** as of July 12, 2004. We withdraw our opinion and judgment of June 17, 2004, and issue the following in its place.

Appellant pleaded no contest to causing serious bodily injury to a child with an agreement from the State that his punishment would not exceed confinement for 45 years with an affirmative finding of the use of a deadly weapon.[1] The trial court sentenced appellant to confinement for 45 years and, pursuant to the plea, made an affirmative finding of the use of a deadly weapon. Appellant filed a timely *pro se* notice of appeal.

The Rules of Appellate Procedure provide that in a plea-bargained case in which the punishment assessed does not exceed the plea agreement, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after obtaining the trial court's permission to appeal. Tex.R.App. P. 25.2(a)(2). The trial court's certification of appellant's right to appeal states that this is a plea-bargained case and appellant has no right to appeal. *Id.* The clerk's record and the reporter's record support the certification.

Appellant argues on rehearing that he has the right to appeal jurisdictional errors that are apparent from the record, citing article 44.02 of the Code of Criminal Procedure as authority. Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979).

As originally enacted, article 44.02 read, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 44.02, 2 1965 Tex. Gen. Laws 317, 511. Thus, a defendant in a criminal action had a general right to appeal anything. *Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim. App.1994). Regarding guilty pleas, however, the Court of Criminal Appeals held in 1972 that a guilty plea waived all nonjurisdictional defects in the prior proceedings. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972), *overruled by Young v. State,* 8 S.W.3d 656, 666–67 (Tex.Crim. App.2000). The *Helms* rule had the effect of discouraging guilty pleas. *Lyon,* 872 S.W.2d at 734. Cases were tried "for the mere reason of preserving an issue for appeal." *Young,* 8 S.W.3d at 666 (citing *Lyon,* 872 S.W.2d at 735).

---

1. We held in *Threadgill v. State,* 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.), that an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2) of the Rules of Appellate Procedure. The Fourteenth Court of Appeals held likewise in *Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

In response to this situation, effective August 29, 1977, the Texas Legislature added the following *proviso* to article 44.02:

> [P]rovided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial....

Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940–41.

The legislature repealed the proviso effective September 1, 1986 with the enactment of the Texas Rules of Appellate Procedure. Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73. The proviso was replaced with former Rule 40(b)(1), which read, in pertinent part:

> [B]ut if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a *nonjurisdictional defect or error that occurred prior to entry of the plea* the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial....

TEX.R.APP. P. 40(b)(1), 707–708 S.W.2d (Texas Cases) XXIX, LII–III (Tex.Crim. App.1986) (emphasis added).

Rule 40(b)(1) was revised effective September 1, 1997 as former Rule 25.2(b)(3), which provided:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under the Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
> (A) *specify that the appeal is for a jurisdictional defect;*
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
> (C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3), 948–949 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App. 1997) (emphasis added).

Rule 25.2 was amended effective January 1, 2003 to its present form. The provisions of former Rule 25.2(b)(3) were incorporated into Rule 25.2(a)(2), as follows:

> In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
> (A) those matters that were raised by written motion filed and ruled on before trial, or
> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2). Like the article 44.02 proviso, Rule 25.2(a)(2) does not include an exception for the appeal of jurisdictional issues.

Appellant argues that under the 1972 *Helms* rule, appeals from guilty pleas were limited to jurisdictional defects and that jurisdictional defects continued to be appealable in these kinds of cases even after

the proviso was added to article 44.02 in 1977. *See Flowers v. State*, 935 S.W.2d 131, 133 (Tex.Crim.App.1996) ("[I]n plea bargained cases under Art. 44.02, appeals were permitted for jurisdictional issues, . . . ."). This is the basis for his conclusion that the Court of Criminal Appeals did not exceed its authority in including "jurisdictional defect[s]" among those issues that could be appealed when it enacted former Rules 40(b)(1) and 25.2(b)(3).[2] Appellant further concludes that the Court of Criminal Appeals did exceed its rule-making authority in enacting Rule 25.2(a)(2) because the court did not include jurisdictional defects among those issues that could be appealed after a plea of guilty or no contest.

The State points out that present Rule 25.2(a)(2) includes precisely the same terms for appeal in plea-bargained cases as appeared in the article 44.02 proviso. According to the State, if the Court of Criminal Appeals exceeded its rule-making authority in promulgating the Rules of Appellate Procedure, it was when it adopted former Rule 40(b)(1) in 1986 and former Rule 25.2(b) in 1997, which both authorized the appeal of jurisdictional defects in plea-bargained cases that had not been authorized by the article 44.02 proviso.

We hold that our decision in this case is controlled by *Griffin v. State*, 145 S.W.3d 645 (Tex.Crim.App.2004). In that case, the Court of Criminal Appeals held that jurisdictional issues may not be addressed on appeal without the trial court's permission, as follows:

> The plain language of the 1977 amendment to Article 44.02 includes nothing to indicate that the legislature intended to

exempt jurisdictional issues from the general limits of the proviso. Therefore, the current Rule 25.2 merely carries out the purpose of the legislature's original rule: to eliminate meritless appeals after the trial court accepted the terms of a plea agreement. "As the legislature saw it, the restrictions of the 1977 proviso applied to any matter in the case, without limitation." *Cooper*, 45 S.W.3d at 80.[3] Jurisdictional matters may be raised on appeal if they fit within the limited right of appeal granted by the legislature, or they may be litigated by writ of habeas corpus. The language of the current Rule 25[.2](a)(2) and the 1977 proviso of Article 44.02 are substantially the same. Because the right to appeal is guaranteed only by statute and because the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional issues that fall outside of the statutory exceptions, we are led to the conclusion that the requirements of the current Rule 25[.2](a)(2) are consistent with the initial legislative intent and do not impermissibly abridge the right to appeal.

*Id.*, 145 S.W.3d at 647 – 49.

We hold, therefore, that appellant's arguments that he may raise jurisdictional defects in an appeal from his plea-bargained case, despite not having the trial court's consent to do so, are without merit and are overruled.

We dismiss the appeal for lack of jurisdiction.

---

**2.** In delegating authority to the Court of Criminal Appeals to promulgate a comprehensive body of appellate rules in criminal cases, the Texas Legislature expressly provided that these rules could not abridge, enlarge or modify the substantive rights of a litigant.

*Lyon v. State*, 872 S.W.2d at 735; TEX GOV'T CODE ANN. § 22.108 (Vernon 2004).

**3.** *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim. App.2001).