Opinion issued April 8, 2010





     










In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00838-CR




DAVID MARK CONKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1173490




MEMORANDUM OPINION

          On September 19, 2008, appellant, David Mark Conklin, agreed to a plea-bargain for the felony offense of possession of cocaine.


 Appellant admitted to two
prior enhancement paragraphs, and the trial court assessed punishment at two years’
imprisonment in accordance with the terms of the plea-bargain. In two issues,
appellant argues that: (1) his indictment was altered and the alterations constitute a
jurisdictional defect and (2) he received ineffective assistance of counsel.
          We dismiss for want of jurisdiction.
BACKGROUND
          On July 3, 2008, the State indicted appellant for possession of cocaine
weighing less than one gram. On September 19, 2008, appellant agreed to a plea-bargain that included a recommendation that he serve two years’ imprisonment. 
Appellant received written admonishments in which he waived his right to a court
reporter and acknowledged that “the Court must give permission before [he may]
appeal any matter in the case except for matters raised by written motions filed prior
to trial” and that the trial court could deny him the right to appeal. Appellant also
signed a document entitled “Advice of Defendant’s Right to Appeal,” which indicated
that a defendant who enters a plea bargain will have a restricted right to appeal under
Texas Rule of Appellate Procedure 25.2. The appellate record does not contain any
pre-trial motions. The trial court assessed punishment at two years’ imprisonment in
accordance with the terms of the plea-bargain. The trial court then certified that
appellant did not have the right to appeal because this was a plea-bargain case. On
October 3, 2008, appellant filed his notice of appeal with this Court and with the trial
court. On October 8, 2008, the trial court denied appellant’s motion to appeal.


 
RIGHT TO APPEAL
          In his first issue appellant contends that his indictment was amended in favor
of the prosecution and that this amendment created a jurisdictional error. In his
second issue, he contends that he received ineffective assistance of counsel. 
          Rule 25.2(a)(2) regulates the ability of individuals convicted of a crime to
appeal. Tex. R. App. P. 25.2(a)(2). In relevant part, Rule 25.2(a)(2)  provides:
 
In a plea bargain case—that is a case in which a defendant’s plea was
guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant—a defendant may appeal only:
 
A) those matters that were raised by written motion filed and
ruled on before trial, or
 
B) after getting the trial court’s permission to appeal.

Tex. R. App. P. 25.2(a)(2). 
          Here, appellant contends that he may appeal his first issue because the
indictment contains what he characterizes as a jurisdictional error. Assuming without
deciding that his case includes a jurisdictional error, the Court of Criminal Appeals
has held that “the legislature did not expressly or even impliedly make an exception
for appeals of jurisdictional issues” that do not comport with the exceptions created
by Rule 25.2(a)(2). Griffin v. State, 145 S.W.3d 645, 649 (Tex. Crim. App. 2004);
Harris v. State, 149 S.W.3d 285, 288 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d.). Thus, a defendant must raise even a jurisdictional issue in a pre-trial motion
or receive permission from the trial court that accepted the plea bargain in order to
bring the issue on appeal. Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App.
2006). 
          Similarly, there is no exception for claims of ineffective assistance of counsel
when such issues are not raised in a pre-trial motion or the trial court does not provide
permission to appeal them. See id. (stating, “Rule 25.2(a)(2) provides that a
defendant may appeal only matters that were raised by written motion filed and ruled
on before trial or after getting the trial court’s permission to appeal”). Because
appellant neither raised these issues in a pre-trial motion and received a ruling on
them nor received permission from the trial court to appeal them we conclude that
appellant did not have the right to appeal these issues, and we dismiss the appeal for
lack of jurisdiction. See id. (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by Rule
25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the
basis for the appeal.”).
CONCLUSION
          We dismiss the appeal for want of jurisdiction.
                                                    
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.

Do not publish. Tex. R. App. P. 47.2(b).