Opinion issued August 5, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00794-CR

———————————

Jimmy Lee Fields, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District Court 

Harris County, Texas



Trial Court Case No.  1153390



 

MEMORANDUM OPINION

          Appellant, Jimmy Lee Fields, pleaded
guilty to the offense of sexual assault of a child.  Along with his plea of guilty, appellant
signed under oath a written waiver of constitutional rights, agreement to
stipulate to evidence, and judicial confession. 
The document provided, among other things, as follows:

I waive the right of trial by jury.  I also waive the appearance, confrontation,
and cross-examination of witnesses and my right 
against self- incrimination . . . I intend to enter a plea of guilty and
the prosecutor will recommend that my punishment should be set at PSI with cap
of 20 and I agree to that recommendation. . . . 
Further, I waive any right of appeal which I may have should the court
accept the foregoing plea bargain agreement between myself and the prosecutor.

The document was also
signed by appellant=s counsel, the prosecutor and the trial court.  After a presentence investigation hearing, the
trial court followed the plea-bargain agreement and sentenced appellant to
confinement for 10 years.  The Trial
Court=s Certification of  Defendant=s 
Right of Appeal signed by the trial court judge, appellant, and
appellant counsel, states that “the defendant has waived the right of appeal” is
supported by the record. Tex. R. App.
P. 25.2.   

Despite having waived his
right to appeal, appellant filed a notice of appeal.  The trial court appointed appellate counsel
who has filed a motion to withdraw.[1]   After conducting an independent review of the
record, we find that this Court does not have jurisdiction over this appeal. 

              A
valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court.  Tex. Code Crim. Proc. Ann.
art.  1.14(a) (Vernon Supp. 2009); Monreal v. State, 
99 S.W.3d 615, 617 (Tex. Crim. App. 2003).  The Court of Criminal Appeals has held that
when a defendant waives his right of appeal as part of an agreement on
sentencing and the agreement is followed by the court his waiver is made
knowingly, intelligently, and voluntarily.  See Ex
parte Delaney, 207 S.W.3d  794, 798—99, (Tex. Crim. App. 2006).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000).       An
agreement to a sentencing cap is an agreed plea bargain for purposes of Rule
25.2(a)(2).  See Chavez v. State, 183 S.W.3d 675, 680 (Tex. (Tex. Crim. App.
App. 2006); Shankle v. State, 119
S.W.3d 808, 813 Tex. (Tex. Crim. App. App. 2003); Harris V. State, 149 S.W.3d 285, 286 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d); Threadgill v. State,
120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  The record in this case shows that in exchange
for appellant’s agreement to plead guilty to a sentence that was capped, he
agreed to waive his right of appeal. The plea papers state the maximum
punishment and the trial court followed the agreement.  Based on the hearing record before this
Court, we find that appellant voluntarily, knowingly, and intelligently, waived
his right of appeal as part of his sentencing agreement with the State.  We also note that the trial court has not
given its permission to appeal, and that the trial court’s judgment is stamped
“Appeal waived. No permission to Appeal Given.”  Therefore, we find that appellant is bound by his
waiver of appeal.  See Tex. R. App. P. 25.2(d). 

Accordingly, we dismiss the appeal in trial court cause
number1153390 and grant counsel’s
motion to withdraw.[2]  Attorney, Leah M. Borg, must immediately send
appellant the notice required by Texas Rule of Appellate Procedure 6.5(c) and
file a copy of that notice with the Clerk of this Court.

PER CURIAM

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).

          

 











[1]
          Appellant’s counsel on appeal has filed a motion to
withdraw and a brief stating that the record presents no reversible error, the
appeal is without merit and is frivolous, and the appeal must be dismissed or
affirmed.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, (1967).  Upon receipt of a motion to withdraw and a
brief from an appellant’s court‑appointed attorney asserting that there
are no arguable grounds for reversal on appeal, we must determine that issue
independently by conducting our own review of the entire record. See Anders
v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing
that reviewing courtCand not appointed counselCdetermines, after full examination of proceedings,
whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991).  Counsel represents that she has served a copy
of the brief on appellant and advised him of his right to examine the appellate
record and file a pro se brief.  See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30
days have passed, and appellant has not filed a pro se brief.  The State has waived its right to file a
response.  





[2]           Appointed counsel still has a duty to
inform appellant of the result of this appeal and that he may, on his own,
pursue discretionary review in the Texas Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).