Opinion issued February 16, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00416-CR

———————————

morris joseph jones, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from 338th District Court

Harris
County, Texas



Trial
Court Case No. 1248982

 



MEMORANDUM OPINION

Appellant, Morris Joseph Jones, was charged with aggravated
sexual assault of a child, see Tex. Penal Code Ann. § 21.021(a)(1)(B),
(2)(B) (Vernon Supp. 2011), and continuous sexual abuse of a young child, see Tex. Penal Code Ann. § 21.02 (Vernon Supp.
2011).  Appellant pleaded guilty to the
aggravated sexual assault charge, and it is not a part of this appeal.  After plea negotiations with the State,
appellant pleaded guilty to aggravated sexual assault of a child, rather than
continuous sexual abuse of a young child. 
There was no agreement as to a specific punishment, but rather that,
after a presentence investigation (PSI), the State recommended that punishment
be capped at 25 years’ confinement. 
After the PSI, the trial court assessed punishment at 25 years in
accordance with the agreed-upon cap. 
Appellant filed several post judgment motions, both pro se and by
counsel, including motions for new trial, which were overruled by operation of
law.  Appellant filed a notice of
appeal.  Pursuant to Rule 25.2(d) of the
Texas Rules of Appellate Procedure, the trial court certified
that “the defendant has waived the right to appeal.”  We agree and dismiss the appeal for want of
jurisdiction.

          In
his first issue on appeal, appellant contends that the trial court incorrectly
certified that he had waived his right to appeal. The State asserts that this
court lacks jurisdiction to hear this appeal because appellant waived his right
to appeal when the trial court accepted his plea agreement as to punishment.   

A valid waiver of the right to appeal will prevent a
defendant from appealing without the consent of the trial court. Tex. Code Crim. Proc. Ann. art. 1.14(a)
(Vernon Supp. 2011); Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App.
2003). The Court of Criminal Appeals has held that when a defendant waives his
right of appeal as part of an agreement on sentencing and the agreement is
followed by the court, his waiver is made knowingly,
intelligently, and voluntarily. See Ex parte Delaney, 207 S.W.3d 794,
798–99 (Tex. Crim. App. 2006); see also Blanco v.
State, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). An agreement to a
sentencing cap is an agreed plea bargain for purposes of
Rule 25.2(a)(2). See Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App.
2006); Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); Harris
v. State, 149 S.W.3d 285, 286 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d); Threadgill v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st
Dist.] 2003, no pet.). 

The record in this case shows that in
exchange for appellant’s agreement to plead guilty to a sentence that was
capped, he agreed to waive his right of appeal. The plea papers state the
maximum punishment of 25 years and the trial court followed the agreement. Appellant
signed a document entitled “Advice of Defendant’s Right to Appeal” which
stated, “If you pled guilty or no contest and accepted the punishment
recommended by the prosecutor, however, you cannot appeal your conviction
unless this Court gives you permission. 
If you waived or gave up your right to appeal, you cannot appeal your
conviction.” Appellant also signed the trial court’s “Certification of Right to
Appeal,” which noted that appellant had waived his right to appeal. Based on
the record before this Court, we find that appellant voluntarily, knowingly,
and intelligently, waived his right of appeal as part of his sentencing
agreement with the State. 

Further, in a plea
bargain case such as this, a defendant may appeal only those matters that were
raised by written motion filed and ruled on before trial, or after getting the
trial court’s permission to appeal. Tex.
R. App. P. 25.2(a)(2). Appellant argues that by appointing appellate
counsel, the trial court indicated its intent to grant permission to appeal.
But this Court has held that a trial court’s granting of a defendant’s request for appointed
counsel on appeal does not constitute
implied permission to appeal.  See
Iles v. State, 127 S.W.3d 347, 350 (Tex. App.—Houston [1st Dist.] 2004, no
pet.).  The record contains nothing
indicating that the trial court intended to grant appellant the right to
appeal.

Appellant’s remaining points of error claim ineffective
assistance of counsel at trial and an error in the judgment.  However, we have no jurisdiction to address
these issues. Because
appellant has no right of appeal, we must dismiss this appeal. See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”).[1]

Accordingly, we dismiss the appeal for want of
jurisdiction.  All pending motions are
dismissed as moot.  We direct the Clerk
to issue the mandate within 10 days of the date of this opinion.  See
Tex. R. App. P. 18.1.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland
and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]
          Appellant contends, and the
State concedes, that the judgment erroneously provides that appellant was
convicted of continuous sexual abuse of a child, rather than aggravated sexual
assault of a child.  We cannot address
this issue because appellant does not meet the exceptions found in Tex. R. App. P. 25.2(a)(2).  See
Chavez, 183 S.W.3d at 480 (holding that “[i]n such circumstances, no
inquiry into even possibly meritorious claims may be made.”).  However, as the State points out in its
brief, appellant may  file a motion for
judgment nunc pro tunc in the trial court. 
See Tex. R. App. P. 23.1.