COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Thomas M. Wilson v. The State of Texas

Appellate case number:   01-14-00550-CR

Trial court case number:  2013CR8062

Trial court:               186th District Court of Bexar County

Appellant, Thomas M. Wilson, appeals from the trial court's denial of his motion to suppress evidence. The reporter's record filed in the appeal indicates that the trial court noted that appellant has "the right to appeal from [its] ruling on [the] motion to suppress." The trial court's written certification of appellant's right of appeal contained in the clerk's record, however, indicates that the trial court certified that this "is a plea-bargain case, but the defendant has filed a notice of appeal that specifies the appeal [is] for a jurisdictional defect."

In a plea bargain case, a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006). The Texas Court of Criminal Appeals has held that "the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional issues" that do not comport with the exceptions created by Rule 25.2(a)(2). *Griffin v. State*, 145 S.W.3d 645, 649 (Tex. Crim. App. 2004) (noting Rule 25.2(a)(2) does not include exception for appeal of jurisdictional issues); *Harris v. State*, 149 S.W.3d 285, 288 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding defendant could not, without trial court's permission, raise jurisdictional defects in appeal from plea-bargained case). Here, the trial court, in its written certification, neither certified that matters were raised by written motion filed and ruled on before trial, nor granted appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A), (B).

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit a defective certification to be amended and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that the appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we abate the appeal and remand the case to the trial court. We direct the trial court to prepare and file a certification of appellant's right of appeal that complies with Rule 25.2. *See* TEX. R. APP. P. 25.2, 34.5(c)(2). Generally, the rules require that a defendant sign the trial court's certification of his right of appeal. *See* TEX. R. APP. P. 25.2(d) (requiring that certification "be signed by the defendant"). The rules authorize us, however, for good cause, to "suspend a rule's operation in a particular case and order a different procedure." *See* TEX. R. APP. P. 2. Because appellant has a right of appeal, is represented by an attorney, and has previously signed a certification indicating that he has received the notification required by Rule 25.2(d), we find good cause in this case to suspend the requirement of Rule 25.2(d) that appellant sign the amended certification of the right of appeal. *See* TEX. R. APP. P. 2, 25.2(d).

Accordingly, we **order** the trial court, without the necessity of a hearing, to execute an amended "Trial Court's Certification of Defendant's Right of Appeal." This certification need not be signed by appellant.

We **order** appellant's attorney, Case Darwin, to deliver a copy of the certification to appellant, via facsimile, mail, or any other method reasonably calculated to provide appellant with a copy. *See* TEX. R. APP. P. 25.2(d) (requiring copy of certification be given to defendant).

We further **order** the trial court clerk to file in this Court a supplemental clerk's record containing the amended certification of appellant's right of appeal **no later than 10 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket once a record that complies with this order has been filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
             ☑ Acting individually    ☐ Acting for the Court

Date: March 17, 2015