**Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00296–CR.**

Court of Appeals of Texas,
San Antonio.

June 13, 2001.

Cornelius N. Cox, Law Offices of Cornelius N. Cox, San Antonio, for Appellant.

Mary Beth Welsh, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting RICKHOFF, Justice, LÓPEZ, Justice, DUNCAN, Justice.

## OPINION

PER CURIAM.

Appellant Edward Johnson pled no contest to the offense of delivery of cocaine (between four and two-hundred grams) pursuant to a plea bargain for five years imprisonment. The State opposed community supervision and deferred adjudication. Johnson applied for deferred adjudication, and he received ten years community supervision as a condition of deferred adjudication. Johnson filed a general notice of appeal. Because Johnson pled no contest and was not sentenced in excess of his plea agreement,

we are without jurisdiction to consider his appeal.

 Johnson argues that ten years community supervision under the court's grant of deferred adjudication exceeds the five years punishment agreed to in his plea bargain. There was, however, no agreement concerning community supervision or deferred adjudication. Instead, the State opposed both. Where there is no agreement concerning probation or deferred adjudication, the trial court does not fail to follow the plea agreement by placing a defendant on deferred adjudication for a term in excess of the agreed prison sentence. *See Brunson v. State,* 995 S.W.2d 709, 711–12 (Tex.App.—San Antonio 1999, no pet.). Therefore, the trial court did not exceed the punishment agreed to by Johnson.

 When a judgment is rendered on a defendant's plea of guilty or nolo contendere pursuant to a plea bargain in a felony case and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must assert one of the following: (1) that the appeal is for a jurisdictional defect; (2) that the substance of the appeal was raised by written motion and ruled on before trial; or (3) that the trial court granted permission to appeal. TEX.R.APP.P. 25.2(b)(3); *see Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Crim.App.2000). A timely notice of appeal is necessary to confer jurisdiction on this court. *See State v. Riewe,* 13 S.W.3d 408, 410 (Tex.Crim.App.2000). This court's jurisdiction is limited to the matters specified in the rule, whether the errors occur before or after the plea. *See Cooper v. State,* 45 S.W.3d 77, 80–81 (Tex.Crim.App.2001). When Rule 25.2(b)(3) applies and a general notice of appeal is filed, we may review only issues concerning the trial court's jurisdiction. *See Martinez v. State,* 5 S.W.3d

722, 724–25 (Tex.App.—San Antonio 1999, no pet.).

Rule 25.2(b)(3) applies to this appeal, and Johnson did not file a notice of appeal complying with the Rule. Johnson's brief does not raise any issues concerning the trial court's jurisdiction. Therefore, we dismiss this appeal for lack of jurisdiction.