**Brandy Jean TALLEY a/k/a Jessica Lynn Burkhart, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–01–01242–CR, 05–01–01247–CR, 05–01–01248–CR.**

Court of Appeals of Texas, Dallas.

May 8, 2002.

---

Phillip A. Linder, Allan Fishburn, Dallas, for appellant.

William T. (Bill) Hill, Jr., Grace E. Shin, Assistant District Attorney, for state.

Before Justices JAMES, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Brandy Jean Talley appeals the orders placing her on community supervision for unauthorized use of a motor vehicle (UUMV), aggravated assault of a public servant, and theft of property valued less than $1500 enhanced by two prior theft convictions. On appeal, appellant contends the trial court lacked jurisdiction over the UUMV and theft cases. She also argues the trial court's order placing her in the Substance Abuse Felony Program (SAFP) is void. Because we conclude that appellant's general notices of appeal failed to invoke the jurisdiction of this Court, we dismiss the appeals for want of jurisdiction.

As part of a negotiated plea agreement, appellant waived a jury trial and entered a plea of guilty in each case and pleas of true

to the theft enhancement paragraphs. The terms of the plea bargain in each case provided that appellant would plead guilty, the State would agree to a cap on punishment, and appellant would ask the trial court for probation and drug treatment. In the UUMV and theft cases, the cap on punishment was eighteen months confinement in a state jail facility and a $1500 fine. In the aggravated assault of a public servant case, the cap on punishment was five years in the penitentiary and a $2500 fine. The trial court admonished appellant at the time the pleas were entered that if it followed the terms of the plea bargains, appellant could not appeal the cases without the court's permission unless appellant appealed a written motion that had been raised prior to trial.

Two weeks later, the trial court heard testimony on punishment and, in the UUMV and theft cases, assessed punishment in each case at two years confinement in the state jail, probated for five years, and a $1500 fine. In the aggravated assault of a public servant case, the trial court placed appellant on deferred adjudication for ten years, assessed a $2500 fine, and ordered appellant to participate in SAFP as a condition of community supervision. The trial court also made an affirmative finding that appellant used or exhibited a deadly weapon, a motor vehicle, during commission of the offense.

In each case, appellant filed a general notice of appeal. She argues the trial court lacked jurisdiction over cause numbers 05–01–01242–CR and 05–01–01248–CR (UUMV and theft, respectively) because there was no formal, written order transferring the cases to the 291st Judicial District Court from the district courts whose grand juries returned indictments in each case. In cause number 05–01–01247–CR (aggravated assault of a public servant), appellant argues the trial court

failed to comply with the requirements of article 42.12, section 14 of the Texas Code of Criminal Procedure because it ordered her to participate in SAFP without making affirmative findings that drug abuse contributed to the commission of the crime and that appellant was a suitable candidate for treatment. As a threshold matter, we determine whether appellant's general notices of appeal are sufficient to invoke our jurisdiction over these complaints.

■■■ Appellate jurisdiction is invoked by giving notice of appeal. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App.2000). The notice of appeal must be timely, in writing, and substantively correct. *See id.* at 410–13. A notice of appeal complying with the requirements of the appellate rules "is essential to vest [this Court] with jurisdiction." *Ex parte Gibbons*, 992 S.W.2d 707, 708 (Tex.App.-Waco 1999, pet. ref'd) (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App.1998)).

To invoke our jurisdiction, a defendant in a plea-bargained felony case who files an appeal must meet the specific notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3). Rule 25.2(b)(3) requires an appellant's notice of appeal to state: (1) the appeal was for a jurisdictional defect; (2) the substance of the appeal was raised by written motion and ruled on before trial; or (3) the trial court granted permission to appeal. *See* Tex.R.App. P. 25(b)(3); *Cooper v. State*, 45 S.W.3d 77, 78 (Tex.Crim.App.2001). An agreement to cap the punishment constitutes a plea bargain. *See Perkins v. Court of Appeals for Third Supreme Judicial Dist.*, 738 S.W.2d 276, 283 (Tex.Crim.App.1987) (orig. proceeding); *Delatorre v. State*, 957 S.W.2d 145, 148 (Tex.App.-Austin 1997, pet. ref'd).

In *Delatorre*, the State recommended that the defendant be sentenced to a term of "no more than eleven (11) years confinement." *Delatorre*, 957 S.W.2d at 147. De-

latorre argued the State had to recommend a finite period, such as "eleven years," rather than specifying a cap of "no more than eleven years," before he could be held to have agreed to a plea bargain agreement triggering the specific notice of appeal requirements of what was then rule 40(b)(1), now rule 25.2(b)(3). *Id.* at 148.

The court held that the State's recommendation need not be a finite period for the underlying plea agreement to be valid and comply with the rule. *Id.* at 149. In reaching this holding, the Court looked first at the language of the rule and determined it required "only that the court's sentence shall not exceed the 'punishment recommended.'" *Id.* at 148. The Court then explained that a plea bargain consists of the State making certain concessions, such as agreeing to recommend less than the full range of punishment available. Whether the State recommends a finite period or a period with a cap is irrelevant in light of the purpose of a plea bargain, which is to foster a negotiated agreement between the State and the defendant. *Id.*

In these cases, there is no question that the plea bargains contained caps on punishment. The issue is whether the trial court exceeded the recommended punishment. We begin with the sentence in the aggravated assault on a public servant case.

■ In that case, the cap on punishment was five years in prison and a $2500 fine. The trial court placed appellant on deferred adjudication for a period of ten years and assessed a $2500 fine. Clearly, the trial court's assessment of punishment, deferred adjudication, did not exceed the cap. *See Ditto v. State,* 988 S.W.2d 236, 238 (Tex.Crim.App.1999) (concluding that by granting deferred adjudication for ten years, judge sentenced appellant within terms of parties' agreement that punishment not exceed ten years). Moreover,

imposition of a higher sentence is not prohibited upon adjudication of guilt. *See id.* at 239. Because appellant filed only a general notice of appeal in this case, we do not have jurisdiction to consider her complaint about the SAFP community supervision requirement.

■ In the UUMV and theft cases, the cap on punishment was eighteen months in the state jail and a $1500 fine. The trial court set punishment at two years in the state jail, probated for five years, and a $1500 fine. The law is clear that when an individual placed on deferred adjudication community supervision is subsequently adjudicated guilty and sentenced to a term higher than that specified in the original cap on punishment, the plea bargain is not violated by the subsequent increase in time. *See Ditto,* 988 S.W.2d at 239. But in the present case, the question is whether the trial court exceeded the eighteen-month cap when punishment was set at two years in the state jail, probated. We hold it did not.

Although ultimately the trial court could revoke appellant's community supervision and sentence her to a term higher than that specified in the plea agreement, the cap on punishment was honored at the time of sentencing. The court assessed punishment at community supervision, clearly a period of time not more than eighteen months in the state jail. Because the trial court followed the plea bargain agreements and did not assess punishment at more than eighteen months in the state jail in the UUMV and theft cases, a general notice of appeal is insufficient to invoke the jurisdiction of this Court.

Accordingly, we dismiss all three appeals for want of jurisdiction.