NUMBER 13-01-573-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI







TERRY JAMES LANGE
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 252nd District Court


of Jefferson County, Texas.






O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Castillo



 Appellant Terry James Lange appeals his conviction for sexual assault of a
child. (1) Lange pled guilty to the charge and was sentenced to six years in prison. We
dismiss for want of jurisdiction.

Anders Brief

 Appellant's court-appointed counsel has filed a brief stating that he has
thoroughly reviewed the clerk's record and the court reporter's record in this case and
found that this appeal is wholly frivolous. Anders v. California, 386 U.S. 738, 744
(1967). Counsel has certified that he has notified appellant of his right to file a pro se
brief and filed a motion requesting an extension of time for appellant to file a pro se
brief. We granted such extension. The period of such extension has passed and no
pro se brief has been filed. Counsel has presented no arguable points of error to this
Court. Counsel has given a professional evaluation of the record, demonstrating with
references to both legal precedent and pages in the record why there are no arguable
grounds to be advanced. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1978). 

Jurisdictional Requirements

 We find that we have no jurisdiction over this case because appellant's notice
of appeal fails to meet the jurisdictional requirements of Texas Rule of Appellate
Procedure 25.2(b)(3). Tex R. App. P. 25.2(b)(3). Appellant filed a general notice of
appeal.

 A plea-bargaining defendant's right to appeal is limited under Texas law. A
notice of appeal from a plea bargain must specify that: (1) the appeal is for a
jurisdictional defect, (2) the substance of the appeal was raised by written motion and
ruled on before trial, or (3) the trial court granted permission to appeal. Id.

 We note that while the judgment notes that the plea was "unagreed," both the
court reporter's record and the clerk's record provide evidence that there was an
agreement between the State and appellant which constituted a plea bargain
agreement. While there was no agreement as to a specific number of years
incarceration, there was an agreement that the punishment would not exceed a cap
of ten years in prison. The trial court, though stating that it was an unagreed plea,
also stated that it could not exceed the ten-year cap and told appellant he would have
a right to withdraw his plea if the court chose to assess a sentence that exceeded the
ten-year cap. The trial court then assessed a punishment of six years in prison. 

 We find that there was a plea bargain in this case and the punishment assessed
did not exceed the recommended punishment. See Lemoins v. State, 37 S.W.3d 556,
557-59 (Tex. App.-Beaumont 2001, no pet.)(where trial judge stated the pleas were
unagreed but also announced there was an agreement to a cap which he would not
exceed, there was a plea bargain and 25.2(b)(3) applied). Appellant therefore had to
comply with the requirements of rule 25.2(b)(3). Delatorre v. State, 957 S.W.2d
145, 148-49 (Tex. Crim. App. 1997)(state's recommendation did not have to be for
a finite period in order to be a valid plea bargain; agreement of cap of eleven years
which was accepted by court triggered the requirements of former 40(b)(1)); Talley v.
State, Nos. 05-01-01242-CR, 05-01-01247-CR, 05-01-01248-CR, 2002 Tex. App.
LEXIS 3221, at *4-5 (Tex. App.-Dallas, May 8, 2002, no pet. h.)(agreement to cap
the punishment constitutes a plea bargain and triggers the specific notice of appeal
requirements of rule 25.2(b)(3)).

 Accordingly, the notice of appeal filed by appellant was defective under Texas
Rule of Appellate Procedure 25.2(b), as it fails to specify any of the three conditions
which would grant this Court jurisdiction under rule 25.2(b)(3). There were no
jurisdictional defects raised in the notice of appeal and none appear in the record. 
There were no written motions ruled on before trial. The jurisdiction of this Court,
then, has not been invoked.

Conclusion

 We dismiss this appeal for want of jurisdiction. As we have no jurisdiction over
this appeal, other than to dismiss it, Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998), we cannot and do not address appellate counsel's motion to
withdraw. ERRLINDA CASTILLO

 Justice

Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 25th day of July, 2002.
1. Tex. Pen. Code Ann. §22.011(a)(2)(A)(Vernon Supp. 2002).