NUMBER
13-01-824-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

ADOLFO
GUERRA,                                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

      On appeal from the 206th District Court of
Hidalgo County, Texas

 

                                   O P I N I O N

 

                       Before Justices Yañez,
Castillo, and Baird[1]

                                          Opinion by Justice Baird








Appellant was charged
by indictment with the offense of murder. 
Pursuant to a plea agreement, appellant pled guilty to the charged
offense and the State recommended that punishment be assessed at fifteen years
confinement in the Texas Department of Criminal Justice--Institutional
Division.  The trial judge followed the
terms of the plea agreement.  We dismiss
for want of jurisdiction.

On
September 14, 2001, appellant entered a plea of guilty to the offense of
murder.  In accordance with the terms of
a plea bargain agreement with the State, the trial court sentenced appellant to
fifteen years confinement.  On November
29, 2001, appellant wrote a letter to the Hidalgo County District Clerk,
stating, inter alia, AI want to appeal my cause.@  That same date, the trial judge appointed
counsel who filed a general notice of appeal.








The
State contends this notice of appeal does not invoke our jurisdiction.  For the following reasons, we agree.  To invoke the jurisdiction of an appellate
court, an appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides that
when an appeal is from a judgment rendered on a defendant's plea of guilty or
nolo contendere and the punishment assessed does not exceed the punishment
recommended by the State and agreed to by the defendant, the notice of appeal
must: (1) specify that the appeal is for a jurisdictional defect; (2) specify
that the substance of the appeal was raised by written motion and ruled on
before trial; or (3) state that the trial court granted permission to
appeal.  Id.  A general notice of appeal that does not
comply with the requirements of Rule 25.2(b)(3), does
not vest an appellate court with jurisdiction. 
Johnson v. State, 84 S.W.3d 658, 660 (Tex.
Crim. App. 2002).  Consequently,
the general notice of appeal filed in the instant case, does not vest this
Court with jurisdiction.  The appropriate
remedy in this situation is to dismiss the appeal.  Talley v. State, 77 S.W.3d 904, 907
(Tex. App.BDallas, 2002, no pet.).  Accordingly, the instant appeal is dismissed
for want of jurisdiction.

 

 

                                                   


CHARLES
F. BAIRD

Justice

 

Do Not Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this

the 21st
day of November, 2002.

 











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. ' 74.003 (Vernon 1998).