

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00345-CR

Silvia Gallegos **NEIRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2665
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  September 25, 2013

DISMISSED

Silvia Gallegos Neira appeals from her conviction for theft by a public servant. On April 10, 2013, Neira pled nolo contendere to the offense of theft by a public servant in an amount over $20,000.00 but less than $100,000.00. The same day, Neira, her attorney, and the prosecutor signed a written plea bargain agreement stating that her punishment would be assessed at eight years. The written plea bargain agreement further states that "the State opposes community supervision;" however, "[i]f $11,000.00 is paid in restitution by sentencing, [the] State will remain silent as to [Neira's] application for community supervision." On May 30, 2013, the trial court sentenced

Neira to eight years in prison, and signed a certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Neira appealed.

In a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. *Id.* 25.2(a)(2). A plea bargain case is "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *Id.* Appellate courts must dismiss an appeal in a plea bargain case "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

After examining the record in this case, we notified Neira that her appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Neira had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Neira filed a response in which she (1) informed us that no amended trial court certification will be filed, and (2) argued this appeal should not be dismissed because her punishment exceeded the punishment recommended by the prosecutor and agreed to by the defendant. According to Neira, her punishment exceeded the punishment recommended because the State failed to remain silent on her community supervision application. Neira cites no cases directly on point and we have found none.

The record before us contains a written plea bargain agreement stating that punishment would be assessed at eight years. The trial court assessed punishment at eight years in prison. We conclude the punishment assessed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See Talley v. State*, 77 S.W.3d 904, 907 (Tex. App.—Dallas 2002, no pet.) (holding punishment did not exceed the terms of the plea agreement

when plea agreement called for a cap of 18 months in state jail and punishment was set at two years in state jail, probated); *Johnson v. State*, 53 S.W.3d 419, 420-21 (Tex. App.—San Antonio 2001, pet ref'd) (holding punishment assessed did not exceed the terms of the plea agreement when the agreement called for five years in prison and the trial court deferred adjudication and imposed ten years' community supervision as a condition of deferred adjudication). We further conclude this appeal involves a plea bargain case as defined by Rule 25.2(a)(2). *See* TEX. R. APP. P. 25.2(a)(2).

Moreover, the record does not show that Neira is appealing a matter raised by written motion filed and ruled on before trial, or that she has obtained the trial court's permission to appeal. Under these circumstances, Neira has no right of appeal. This appeal is therefore dismissed. *See id*.; *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (dismissing appeal without reference to the merits when the appellant's sentence did not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and did not satisfy any exception stated in Rule 25.2(a)(2)).

PER CURIAM

Do not publish