

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00808-CR

**IN RE** Edward **JOHNSON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                   Rebeca C. Martinez, Justice
                   Patricia O. Alvarez, Justice

Delivered and Filed:  December 11, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On November 18, 2013, relator Edward Johnson filed a pro se petition for writ of mandamus complaining of the trial court's order denying his motion for judgment nunc pro tunc. For the following reasons, we deny the petition for writ of mandamus.

On March 16, 1999, Johnson was arrested in the State of Georgia on a capias issued by the State of Texas in November 1998. Johnson was subsequently extradited to Texas where he was confined in the Bexar County jail. Johnson entered a plea of no contest to charges arising from his manufacture, delivery or possession with intent to deliver of a controlled substance in Cause Nos. 1998-CR-6320 and 1998-CR-6321. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (c), (d) (West 2010). On March 29, 2000, Johnson was sentenced to three years' incarceration in Cause

---

[1] This proceeding arises out of Cause No. 1998CR6320, styled *The State of Texas v. Edward M. Johnson*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus K. McGinty presiding.

No. 1998-CR-6321[2] and was granted ten years' deferred adjudication in Cause No. 1998-CR-6320, subject to sentencing under the full range of punishment upon revocation. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011) (defining punishment for first degree felony offense); TEX. PENAL CODE ANN. § 12.33 (West 2011) (defining punishment for second degree felony offense). Johnson did receive credit against his three-year sentence for the time served from date of arrest to sentencing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2013) ("In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court").

Johnson discharged his sentence in Cause No. 1998-CR-6321 and was released from incarceration in March 2002. He had been incarcerated continuously from March 16, 1999, until his release on March 15, 2002. Johnson was re-arrested and placed under a detainer hold in April 2004. The trial court revoked his probation and Johnson was sentenced to a twenty-five year term on the original charge in Cause No. 1998-CR-6320.[3]

Johnson filed a motion for judgment nunc pro tunc in the trial court asserting he was entitled to 1,095 days' time credit in Cause No. 1998-CR-6320 for the time he served from March 1999 through March 2002 due to either a clerical error or "an intentional alteration" of his records. The trial court denied the motion for judgment nunc pro tunc on March 28, 2012, concluding there was no error in the defendant's judgment. Johnson now seeks mandamus relief from this court,

---

[2] Johnson filed a direct appeal of his conviction in Cause No. 1998-CR-6321. The appeal was dismissed for want of jurisdiction by this court in Appeal No. 04-00-00296-CR on June 13, 2001. *See Johnson v. State*, 53 S.W.3d 419 (Tex. App.—San Antonio 2001, pet. ref'd).

[3] Johnson also filed a direct appeal of his conviction in Cause No. 1998-CR-6320. That conviction was affirmed by this court in Appeal No. 04-04-00521-CR on March 2, 2005. *See Johnson v. State*, No. 04-04-00521-CR, 2005 WL 471193 (Tex. App.—San Antonio Mar. 2, 2005, no pet.).

requesting an order compelling the trial judge to correct his records to reflect his original arrest date and award credit for time served.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). An error in the entry of judgment is clerical if it did not arise as the result of judicial reasoning. *Id*. The trial court has found that the judgment in this instance accurately reflected the trial court's action and Johnson's remaining sentence. While Johnson contends, in part, the alleged error may have been clerical in nature, the record does not support his assertion. The Texas Court of Criminal Appeals has held a motion for judgment nunc pro tunc in the trial court, or writ of mandamus in the appellate court if such a motion is denied, "will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of article 42.03, section 2(a)(1)." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011). Because Johnson received credit for his time served from March 1999 to March 2000 on his sentence in Cause No. 1998-CR-6321, we cannot conclude the trial court clearly abused its discretion in denying the motion for judgment nunc pro tunc in this instance.

To the extent Johnson complains of a judicial, rather than a clerical, error in the judgment of conviction, the trial court did not abuse its discretion in denying the motion for judgment nunc pro tunc as judicial error, if any, is not susceptible to correction by nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

Because we conclude the trial court did not abuse its discretion in denying relator's motion for judgment nunc pro tunc, this court is of the opinion that relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Additionally, relator filed a motion for leave to file his petition for writ of mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file his petition is denied as moot.

PER CURIAM

DO NOT PUBLISH