# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00745-CR

---

**Francisco Llanas, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-20-300570, THE HONORABLE BRAD URRUTIA, JUDGE PRESIDING

---

## O P I N I O N

Appellant Francisco Llanas pleaded guilty to murder. *See* Tex. Penal Code § 19.02(b)(1), (c). Following a punishment hearing, the trial court sentenced him to 30 years' confinement, pursuant to a plea bargain. In a single issue on appeal, Llanas contends that the trial court erred by denying his motion to suppress. We lack jurisdiction over the appeal.

## BACKGROUND

The charge in this case arose from a series of drive-by shootings in March 2020 carried out in the Austin area as part of a feud between two rival gangs. During a shooting on March 13, 2020, a 19-year-old man—later determined to have no gang affiliation or criminal record—was killed.

On June 29, 2022, Llanas pleaded guilty to the murder pursuant to a plea agreement with the State capping the available sentencing range at 40 years. Among its terms,

the agreement provided that "[i]f there [wa]s no plea bargain, then all non-jurisdictional defects [we]re waived, and [Llanas] ha[d] no right to appeal except for jurisdictional matters"; that—in the event of a plea bargain—"[i]f the punishment assessed d[id] not exceed the punishment recommended by the prosecutor and agreed to by [Llanas] and [his] attorney, [Llanas] must receive the Court's permission before [he could] appeal any matter except matters raised by written motion(s) filed prior to trial"; and that, regardless, Llanas "freely, knowingly, and voluntarily . . . **WITHDR[E]W** [his] pretrial motions and WAIVE[D his] right to appeal."

Before pleading, Llanas was admonished by the trial court that he would not be allowed to withdraw his plea after entering it. At the hearing's conclusion, the trial court found that the evidence against Llanas was sufficient; that his plea was freely, voluntarily, and intelligently made; and that he was guilty of the charged offense. The court noted that "the only thing we have left to do is sentencing."

On August 15, 2022, Llanas filed a motion to suppress evidence obtained from a search of his cell phone.[1] Following a hearing, the trial court denied the motion in an oral ruling on August 29, 2022.

After a sentencing hearing on October 31, 2022, the trial court sentenced Llanas to 30 years' confinement. In its certification of his right to appeal (Certification), the court checked the boxes certifying (1) that "the case is not a plea-bargain case, and the defendant has the right of appeal" and (2) that "the case is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant

---

[1] The cell phone extraction report states that the report was completed on June 17, 2022.

2

has the right of appeal." The trial judge crossed out the words "is a plea-bargain case" in the latter certification and initialed next to the amendment.[2]

## DISCUSSION

In a single issue, Llanas contends that the trial court abused its discretion by denying his motion to suppress because the probable-cause affidavit for the warrant to search his cell phone "did [not] contain sufficient facts connecting [the phone] to the offense, or that it contained evidence of the offense."

Before addressing the merits of Llanas's claim, we first consider whether we have jurisdiction over this case. Jurisdiction concerns the power of the court to hear and determine a case; it is fundamental and cannot be ignored by a court. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). As an appellate court, we have the power to determine sua sponte the threshold issue of whether we have jurisdiction over the appeal. *In re Garcia*, 363 S.W.3d 819, 821 (Tex. App.—Austin 2012, no pet.); *see State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002). If we determine that we lack jurisdiction, we have no power to dispose of the appeal other than to dismiss it for want of jurisdiction. *Garcia*, 363 S.W.3d at 821. When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness; a defective certification is one "which is correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

---

[2] The trial judge also checked the boxes certifying that the case "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." However, the check marks have been crossed out, and the judge initialed the amendments.

3

## I.      Existence of a Plea Bargain

In reviewing the Certification, we must first determine whether this is a plea-bargain case, in which a defendant's right to appeal is limited by Texas Rule of Appellate Procedure 25.2(a)(2) and article 44.02 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2).

Rule 25.2(a)(2) provides in relevant part:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B) after getting the trial court's permission to appeal, or
> >
> > (C) where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2). Article 44.02 of the Code of Criminal Procedure contains similar restrictions on the right to appeal when a defendant pleads guilty pursuant to a plea bargain.[3]

The Court of Criminal Appeals and our sister courts have recognized that plea agreements that cap the sentencing range to which a defendant is exposed below the statutory

---

[3] Article 44.02 provides:

> [B]efore the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

Tex. Code Crim. Proc. art. 44.02.

4

maximum are plea bargains within the meaning of Rule 25.2(a)(2).[4]  *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (concluding that despite plea papers' use of term "open plea," charge-bargain agreement that "effectively capped" defendant's punishment was governed by Rule 25.2(a)(2)); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (explaining that "[s]entence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended 'cap' on sentencing"); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (listing cases holding that "an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2 of the Texas Rules of Appellate Procedure"); *Talley v. State*, 77 S.W.3d 904, 906 (Tex. App.—Dallas 2002, no pet.) (acknowledging that "[a]n agreement to cap the punishment constitutes a plea bargain").

Here, the plea documents include the notation "OPEN PLEA w/ 40 YR CAP @ SENTENCING.  12.45 CAUSE NO. D1DC20300454."[5]  The trial court acknowledged the existence of the cap when it received Llanas's plea and, following the punishment hearing, did not sentence him in excess of the State's recommendation.  *See* Tex. R. App. P. 25.2(a)(2).  Thus, this is a plea-bargain case for purposes of Rule 25.2(a)(2).  *See Kennedy*, 297 S.W.3d at 342; *Talley*, 77 S.W.3d at 906.  Further, because Llanas's appeal is not expressly authorized by statute and because the record demonstrates that the trial court did not give him permission to

---

[4]  Many of these cases address former Rules of Appellate Procedure 40(b)(1) and 25.2(b)(3), which, as pertinent to this case, are substantively the same as the current Rule 25.2(a)(2).  *See Griffin v. State*, 145 S.W.3d 645, 647–69 & nn.3–4 (Tex. Crim. App. 2004).

[5]  The "12.45" notation suggests that the agreement also included charge-bargaining under section 12.45 of the Texas Penal Code, which bars prosecution for unadjudicated offenses considered during a sentencing hearing.  *See* Tex. Penal Code § 12.45; *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (reaffirming that charge-bargaining constitutes plea bargain for purposes of Rule 25.2(a)(2)).

appeal, he may appeal only "matters that were raised by written motion filed and ruled on before trial." Tex. R. App. P. 25.2(a)(2)(A); *cf. Iles v. State*, 127 S.W.3d 347, 351 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (where defendant waived right to appeal, cautioning that finding *implied* permission "would mean that virtually any action taken by a trial court after the filing of a notice of appeal, even those actions mandated by law, would be interpreted as permission to appeal and would override an appellant's valid waiver of his right to appeal").[6] We must next determine whether the denial of his suppression motion is such a matter.

## II. Whether the Motion to Suppress Was Filed and Ruled on Before Trial

Rule 25.2(a)(2)(A) grants "defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions." *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 25.2(a)(2)(A). However, the Rules of Appellate Procedure are silent—and the Court of Criminal Appeals has not expressly weighed in—on when precisely "trial" begins in the context of a negotiated guilty plea to a trial court under the Rule.

We are the only court to have directly answered the question with respect to a motion to suppress, but we did so in an unpublished opinion addressing Rule 25.2(a)(2)(A)'s predecessor. *See Crowley v. State*, No. 03-02-00153-CR, 2002 WL 31026822, at *2 (Tex. App.—Austin Sept. 12, 2002, pet. ref'd) (not designated for publication). That opinion merits quoting at length:

> For perfection to be proper, the remaining points therefore must concern the substance of a motion overruled before trial. *See* Tex. R. App. P. 25.2(b)(3)(B). The rules and statute do not define when trial begins in a plea-bargain case, but the court of criminal appeals has held that "for bench trials, jeopardy attaches

---

[6] Indeed, on the trial court's Certification, the only unchecked box was the one certifying that "this is a plea-bargain case, but the trial court has given permission to appeal."

when both sides have announced ready and the defendant has pled to the charging instrument." *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991). Jeopardy in a bench trial attaches under the federal constitution when the first witness is called or the court considers a written confession. *Id.* (citations omitted). We conclude that for purposes of Rule 25.2(b)(3), if jeopardy has attached, trial has begun. Therefore, trial began when the court accepted his plea of guilty.

*Crowley*, 2002 WL 31026822, at *2; *see Ex parte Dangelo*, 376 S.W.3d 776, 780 (Tex. Crim. App. 2012) ("In a negotiated-plea proceeding, the issue is joined, and jeopardy attaches when the plea agreement is accepted by the trial court."); *cf. Gonzales v. State*, No. 13-20-00066-CR, 2021 WL 3556653, at *2–3 (Tex. App.—Corpus Christi–Edinburg Aug. 12, 2021, no pet.) (mem. op., not designated for publication) (concluding that "rule 25.2(a)(2)(A) is not a viable avenue" for appeal from denial of motion to suppress that was ruled on after jury was sworn and trial had therefore begun).

The Court of Criminal Appeals, in dicta, has similarly suggested that a trial begins for purposes of Rule 25.2(a)(2)(A) when jeopardy attaches. In *Chavez v. State*, a case in which the defendant's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), our sister court concluded that a defendant's motion to withdraw his guilty plea—filed after the trial court had accepted the plea but before sentencing—was not "a written motion filed and ruled on before trial" and dismissed the appeal, *Chavez v. State*, 139 S.W.3d 43, 59 (Tex. App.—Corpus Christi–Edinburg 2004), *aff'd*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). In its decision affirming the court of appeals' judgment, the Court of Criminal Appeals stated that "[t]here is nothing in the record to support a finding that appellant filed written pre-trial motions that were ruled on before trial" and concluded that the defendant did not have the right to appeal. *Chavez*, 183 S.W.3d at 680.

7

Holding that a trial begins under Rule 25.2(a)(2)(A) when jeopardy attaches comports with the Court of Criminal Appeals' understanding of the nature of guilty-plea proceedings and the Rule's legislative purpose. It is only once a trial court accepts a defendant's negotiated guilty plea that "the defendant has a vested interest in the finality of the proceeding," "the issue is joined such that the defendant has been '*put to trial* before the trier of fact,'" and both he and the State are "bound by his plea." *Ortiz v. State*, 933 S.W.2d 102, 106 (Tex. Crim. App. 1996) (emphasis added); *see York v. State*, 342 S.W.3d 528, 551 (Tex. Crim. App. 2011) ("But even when a motion to suppress is granted pretrial, the State has the option to simply dismiss the case, and in doing so, prevent the attachment of jeopardy to the first prosecution."); *cf. Moreno v. State*, 90 S.W.3d 887, 888 (Tex. App.—San Antonio 2002, no pet.) ("[A] motion filed after a case has been taken under advisement is not a pre-trial motion."). The Court of Criminal Appeals has explained that "the confession or admission is a necessary and concomitant part of the whole ritual of the *guilty plea trial*." *Morgan v. State*, 688 S.W.2d 504, 507 (Tex. Crim. App. 1985) (emphasis added). Elsewhere, the Court has stated that "a plea of guilty before a jury is a trial by jury," *Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984), and that the entry of a guilty plea—whether before a jury or the trial court—must occur in a "unitary trial," *see Saldana v. State*, 826 S.W.2d 948, 952 (Tex. Crim. App. 1992); *Duhart v. State*, 668 S.W.2d 384, 386 (Tex. Crim. App. 1984) ("At the unitary trial on the guilty plea the appellant took the witness stand and made a judicial confession.").

Moreover, prohibiting a defendant from appealing the denial of a motion filed after the trial court's acceptance of his negotiated guilty plea would not frustrate a principal purpose of Rule 25.2(a)(2)(A): "to encourage guilty pleas where a search and seizure (or other pretrial motion) is the only matter that the defendant wishes to pursue." *Isam v. State*,

8

582 S.W.2d 441, 444 (Tex. Crim. App. 1979) (addressing article 44.02). This purpose recognizes that the State frequently uses the denial of a motion to suppress as "leverage in the plea[-]bargaining process . . . to obtain [a defendant]'s plea." *Kraft v. State*, 762 S.W.2d 612, 614 (Tex. Crim. App. 1988). However, such concerns—a defendant's reluctance to forfeit the right to appeal a pretrial motion by pleading guilty or the State's use of a denial to coerce a guilty plea—are absent from cases such as Llanas's, in which the defendant has already freely, voluntarily, and knowingly pleaded guilty prior to filing the motion.

For these reasons, because Llanas's motion to suppress was filed after the trial court accepted his guilty plea, it was not a "written motion filed and ruled on before trial," and he has no right of appeal under Rule 25.2(a)(2)(A). *See* Tex. R. App. P. 25.2(a)(2)(A).

## III.  Dismissal Is the Proper Disposition

Because the Certification states that this is not a plea-bargain case, that matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and that Llanas has the right of appeal, we conclude, in light of the foregoing analysis, that the Certification is defective and should instead have reflected that this is a plea-bargain case for which Llanas has no right of appeal. *See Dears*, 154 S.W.3d at 614–15.

"The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases. Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Court of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). "A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a

prohibited appeal without further action, regardless of the basis for the appeal."[7]  *Chavez*, 183 S.W.3d at 680.

Contrary to the approach advocated by the dissent, both we and many of our sisters courts have concluded that a trial court's defective certification that a defendant has the right of appeal when no right exists does not amount to implied permission to appeal and that it is unnecessary to abate for clarification or amendment of the certification form; rather, the proper disposition in such cases is dismissal.  *See, e.g.*, *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (holding that court of appeals lacked jurisdiction because trial court had not checked box indicating that it gave defendant permission to appeal); *Osborne v. State*, No. 03-16-00802-CR, 2017 WL 1315342, at *3 (Tex. App.—Austin Apr. 5, 2017, pet. ref'd) (mem. op., not designated for publication) (concluding that "because the record before us shows that [defendant] has no right of appeal, contrary to the trial court's defective certification, we are not required to obtain an amended certification before dismissing this appeal"); *Sherwood v. State*, 340 S.W.3d 929, 932 (Tex. App.—El Paso 2011, no pet.) (explaining that "when the record is clear that the defendant waived any and all rights to appeal, ordering a corrected certification would serve no purpose other than to delay further proceedings as the defendant would still be unable to appeal his conviction"); *Costilow v. State*, 318 S.W.3d 534, 536 (Tex. App.—Beaumont 2010, no pet.) (stating that "[a]lthough the trial court mistakenly entered a

---

[7]  The circumstances of this case are different from those in *Few v. State*, in which the Court of Criminal Appeals concluded that that the court of appeals was mistaken when it dismissed appellant's appeal without first giving him a reasonable opportunity to correct a clerical error in his notice of appeal.  *See* 230 S.W.3d 184, 190 (Tex. Crim. App. 2007); *see also Pena v. State*, 323 S.W.3d 522, 526 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) ("Dismissal for an incorrect cause number, unlike a defective certification where there is no underlying right of appeal, bars an appeal based on a purely procedural error, rather than a substantive restriction.").

certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, . . . [t]he trial court's erroneous certification does not constitute permission to appeal"); *Pena v. State*, 323 S.W.3d 522, 527 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) (concluding that court of appeals did "not need to order the trial court to correct the certification because the record affirmatively demonstrates that [defendant] does not have the right to appeal"); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.) (finding that defendant did not have trial judge's permission to appeal where judge erroneously certified that "the appeal is not a plea-bargain case, and the defendant has the right of appeal"); *Ajagbe v. State*, 132 S.W.3d 491 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (determining that erroneous certification that case was "not a plea-bargain case, and the defendant has the right to appeal" did not "reflect that appellant had the trial court's permission to appeal"); *Waters v. State*, 124 S.W.3d 825, 827 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (noting that trial court erroneously checked box indicating lack of plea-bargain case and dismissing for want of jurisdiction because "the record (including the trial court's certification) does not reflect that she had the trial court's consent or permission to appeal"); *cf. Hale v. State*, No. 03-12-00348-CR, 2013 WL 491516, at *1–2 (Tex. App.—Austin Jan. 31, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (concluding that trial court's express statement that defendant had "a limited right to appeal" and email from trial counsel noting that "[w]aiving appeal was not part of the cap 5–30 agreement" were "indications in the record that the district court might have given [defendant] permission to appeal"). *But see Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[W]hen the certification is defective by stating that a right of appeal exists where the

record affirmatively shows no right of appeal, we must . . . order the trial court to amend the certification to correct the defect in the certification.").

While the dissent finds it notable that the State has not filed a motion to dismiss in this case, we find it more telling that the trial court did not—if it intended to give Llanas permission to appeal—simply check the box indicating so. In *Iles v. State*, a case in which the appeal predated the effective date of Rule 25.2(a), the appellate court optimistically predicted that inquiries into the existence of implied permission to appeal "ha[d] now been eliminated for appeals filed after January 1, 2003 by the amendments to the Texas Rules of Appellate Procedure" because "[t]he trial judge may now certify that . . . the trial court granted permission to appeal." 127 S.W.3d at 350 n.3. In any event, the court noted that it was "not aware of any cases in which an appellant's waiver of the right to appeal was held to have been overridden by *implied* permission to appeal" and correctly reasoned that "[t]o hold otherwise would mean that virtually any action taken by a trial court after the filing of a notice of appeal, even those actions mandated by law, would be interpreted as permission to appeal and would override an appellant's valid waiver of his right to appeal." *Id.* at 350; *cf. Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (holding that "the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver").

Were we to adopt the course proposed by the dissent, the purpose of the article 25.2(a) certification process would be undermined. *See Greenwell*, 159 S.W.3d at 649. Rather than efficiency and the economic use of judicial resources, appellate courts would have to abate every case in which a trial court incorrectly certified that a right to appeal existed—whether because the trial court mistakenly concluded that there was no plea bargain, that the defendant

12

had not waived his right to appeal, or that a pretrial motion was filed and ruled on by the court. *See* Tex. R. App. P. 25.2(a). We would presume without basis in the record that the trial court's mistake was possibly twofold because the court may have intended to check the box indicating that it had given the defendant permission to appeal but neglected to do so. In effect, we would not be asking the trial court whether it *had given* permission to appeal but whether, in light of its erroneous certification, it *now wished to* give permission. We decline to establish such a requirement.

Accordingly, we dismiss Llanas's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith
    Dissenting Opinion by Justice Triana

Dismissed for Want of Jurisdiction

Filed:   October 3, 2024

Publish

13