**Dismissed and Opinion Filed December 4, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-00996-CR**
_____

**ANSELMO BENAVIDES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F23-77063**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

Anselmo Benavides appeals his conviction for continuous sexual abuse of a young child. Appellant pleaded guilty pursuant to a plea bargain that his sentence would not exceed fifty years. The trial court accepted appellant's guilty plea and sentenced him to fifty years' imprisonment. We dismiss this appeal for want of jurisdiction.

Appellant was charged with continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. The range of punishment for this offense is imprisonment for twenty-five to ninety-nine years or life. *Id.* § 21.02(h).

The record shows appellant entered into a plea bargain with the State in which he agreed to plead guilty and the State agreed appellant's punishment would not exceed fifty years' imprisonment. The trial court accepted appellant's guilty plea and, in accordance with the plea bargain, sentenced appellant to fifty years' imprisonment.

The trial court's certification of defendant's right of appeal states the court "certif[ies] this criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal."

A criminal defendant cannot appeal from a plea bargain except in specific, limited circumstances:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. ANN. art. 44.02. The Texas Rules of Appellate Procedure set out further limitations:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Plea bargains include agreements to a cap on punishment. *See Talley v. State*, 77 S.W.3d 904, 906 (Tex. App.—Dallas 2002, no pet.). We conclude the State's agreement to appellant's punishment not exceeding fifty years' imprisonment constitutes such a plea bargain. None of the three grounds for jurisdiction listed in Rule 25.2(a)(2) apply in this case.

When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification in this case affirmatively shows appellant does not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We dismiss this appeal for want of jurisdiction.


240996f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ANSELMO BENAVIDES,
Appellant

No. 05-24-00996-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F23-77063.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.


Judgment entered this 4th day of December, 2024.